**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Charles William LAWSON, Defendant-Appellant.**

No. 78–5502.

United States Court of Appeals, Sixth Circuit.

Argued Oct. 11, 1979.

Decided Nov. 14, 1979.

Rehearing Denied Dec. 4, 1979.

Donald E. Holt, Florence, Ala. (court-appointed), Joe M. Patterson, Jr., Florence, Ala., for defendant-appellant.

Hal D. Hardin, U. S. Atty., Margaret M. Huff, Nashville, Tenn., for plaintiff-appellee.

Before CELEBREZZE and LIVELY, Circuit Judges, and PHILLIPS, Senior Circuit Judge.

PER CURIAM.

The defendant Charles William Lawson appeals from his jury conviction for utter-

ing and possessing counterfeit money. He contends that the district court committed reversible error in permitting the jury to hear evidence of two previous convictions. Though Lawson did not testify, his counsel cross-examined a government witness who was a secret service agent to bring out the fact that Lawson had consistently denied any involvement, and introduced a written statement in which Lawson denied all complicity in the counterfeit activities.

By putting these hearsay statements before the jury his counsel made Lawson's credibility an issue in the case the same as if Lawson had made the statements from the witness stand. Rule 806, Federal Rules of Evidence, provides:

> When a hearsay statement, or a statement defined in Rule 801(d)(2), (C), (D), or (E), has been admitted in evidence, the credibility of the declarant may be attacked, and if attacked may be supported, by any evidence which would be admissible for those purposes if declarant had testified as a witness. Evidence of a statement or conduct by the declarant at any time, inconsistent with his hearsay statement, is not subject to any requirement that he may have been afforded an opportunity to deny or explain. If the party against whom a hearsay statement has been admitted calls the declarant as a witness, the party is entitled to examine him on the statement as if under cross-examination.

Thus, evidence which would have been admissible to impeach Lawson if he had testified was admissible for this purpose under the circumstances of this case. Prior felony convictions are admissible for this purpose under Rule 609(a), Fed.R.Evid. The jury was properly instructed that the evidence of previous convictions was to be considered only on the issue of credibility.

The second contention of the appellant which related to an inadvertent statement by counsel for his co-defendant is without merit. The trial judge took steps to make clear to the jury that it was to consider only previous convictions which had been established by the evidence.

The judgment of the district court is affirmed.