**The PEOPLE of the State of Colorado, Plaintiff–Appellee,**

v.

**Kerry S. DORE, Defendant–Appellant.**

No. 98CA0562.

Colorado Court of Appeals, Div. V.

Sept. 16, 1999.

Certiorari Denied May 1, 2000.

Ken Salazar, Attorney General, Barbara McDonnell, Chief Deputy Attorney General, Michael E. McLachlan, Solicitor General, John Daniel Dailey, Assistant Solicitor General, Peter J. Cannici, Assistant Attorney General, Denver, Colorado, for Plaintiff-Appellee.

Janet Fullmer-Youtz, Lakewood, Colorado, for Defendant-Appellant.

Opinion by Judge TAUBMAN.

Defendant, Kerry S. Dore, appeals the judgment of conviction entered upon a jury verdict finding him guilty of first degree kidnapping, crime of violence, menacing, and

false reporting of explosives or weapons. We affirm.

Several years before the incident leading to defendant's conviction, he suffered a serious accident while working at the site of a new facility for Focus on the Family, a religious organization located in El Paso County. He obtained workers' compensation benefits for those injuries, but remained dissatisfied because he believed he and his family had not been provided for sufficiently.

On the day of the incident at issue here, defendant went to the Focus on the Family facility where he encountered two receptionists. He displayed a gun and what appeared to be a trigger mechanism for explosives, and demanded that one of the receptionists place a call to the workers' compensation office. Defendant allowed everyone to leave the building except the two receptionists. Two men remained in the reception area voluntarily.

The police obtained a negotiator who spoke with defendant during the incident and convinced him to release the receptionists. After several hours, defendant gave himself up to police, and the charges here at issue followed.

## I. Evidence of Defendant's Prior Convictions

Defendant asserts that the trial court committed reversible error by taking judicial notice of his prior convictions for theft and conspiracy to commit theft. Under the circumstances of this case, we disagree.

During trial, defense counsel called defendant's psychiatrist to the stand and elicited out-of-court statements that defendant had made during treatment. The trial court determined that these statements were hearsay, and did not meet the criteria for being admissible as admissions of a party offered against that party, but that, nevertheless, they were admissible under CRE 803(4), which permits admissions of hearsay statements made for diagnosis or treatment.

A few days before the end of trial, the prosecution located defendant's criminal record, which contained evidence of his prior felony convictions for theft and conspiracy to commit theft. At that point, out of the presence of the jury, the prosecutor moved to admit evidence of defendant's prior felony convictions under CRE 806, which allows the credibility of a defendant to be attacked in certain circumstances. The trial court determined that the hearsay statements of defendant fell within the purview of CRE 806. It also rejected defense counsel's argument that the evidence was irrelevant and unduly prejudicial under CRE 403, and thereafter admitted the evidence of the former convictions in the form of a judicially noticed fact. It also gave a limiting instruction that the evidence was to be considered only for purposes of assessing defendant's credibility.

CRE 806 states in pertinent part:

When a hearsay statement, or a statement defined in Rule 801(d)(2), (C), (D), or (E), has been admitted in evidence, the credibility of the declarant may be attacked, and if attacked may be supported, by any evidence which would be admissible for those purposes if declarant had testified as a witness....

CRE 801 sets forth the definition of hearsay. CRE 801(d)(2) provides that non-hearsay statements include admissions of a party-opponent when offered *against that party*. CRE 801(d)(2)(A), a subsection not mentioned in CRE 806, provides that an admission by a party is not hearsay when such admission is his or her own statement made in an individual or representative capacity. In contrast, CRE 801(d)(2)(C), (D), and (E), which are specifically referred to in CRE 806, pertain to circumstances not applicable here.

Here, defendant chose not to testify at trial. Nevertheless, the defense elicited defendant's hearsay statements from his psychiatrist. The trial court admitted the statements under CRE 803(4), which, as noted, allows admission of hearsay statements made for purposes of diagnosis or treatment.

Contrary to defendant's contention, his statements to his psychiatrist did not come within the non-hearsay exception of CRE 801(d)(2)(A), because he introduced them on his own behalf. They were not offered by the prosecution against him. Thus, as the

trial court determined, defendant's hearsay statements to his psychiatrist fell within the purview of CRE 806.

■ Where a defendant does not testify at trial, but he or she elicits his or her own hearsay statements through another witness, CRE 806 authorizes the jury to hear impeachment evidence that would have been admissible if the defendant had testified. Prior felony convictions are admissible for this purpose. *See United States v. Lawson,* 608 F.2d 1129, 1130 (6th Cir.1979) ("By putting these statements before the jury, [defendant's] counsel made [defendant's] credibility an issue in the case the same as if [defendant] had made the statements from the witness stand."); *see also King v. People,* 785 P.2d 596, 602 n. 5 (Colo.1990) (discussing in dictum that when a defendant's out-of-court psychiatric testimony is admitted in his or her presentation of the case pursuant to CRE 803(4), the "credibility of the declarant is open to attack under CRE 806").

Since Fed.R.Evid. 806, at issue in *Lawson,* is identical to CRE 806, the *Lawson* holding may be considered persuasive in analysis of the Colorado rule. *See Forbes v. Goldenhersh,* 899 P.2d 246 (Colo.App.1994) (when federal rule is similar to Colorado rule, court may look to interpretation of such federal rule).

Here, the trial court properly relied on *United States v. Lawson, supra,* and *King v. People, supra,* to conclude that CRE 806 authorized the prosecution to impeach defendant with evidence of his prior convictions.

■ We view the *Lawson* analysis as applicable when a defendant elects not to testify, yet defense counsel elicits defendant's hearsay testimony (or non-hearsay testimony covered in CRE 806) in favor of defendant's position. In such circumstances, a defendant who elicits his or her own hearsay testimony at trial is in essence functioning as a witness on his or her own behalf. Therefore, the defendant's hearsay statements would be subject to impeachment under CRE 806, just as if the defendant had taken the stand. Such is the case here. Thus, we conclude the trial court did not err by admitting evidence of defendant's prior convictions.

Our conclusion in this regard is consistent with the policy that underlies a defendant's right to avoid self-incrimination by declining to testify in his or her own behalf.

■ When a defendant elects not to testify, the prosecution may neither cross-examine the defendant, nor present evidence of his or her prior convictions. *See People v. Milton,* 864 P.2d 1097, 1101 (Colo.1993) (valid advisement concerning right to testify requires explanation that "in the event that defendant testifies," the prosecution has right to impeach credibility with evidence of prior felonies); *see also People v. Blehm,* 983 P.2d 779 (Colo.1999) (reaffirming requirement that court advise defendant of possibility of cross-examination and impeachment should defendant elect to testify).

■ However, a defendant who elects to testify in a criminal case subjects his or her credibility to question, like any other witness, and such defendant may therefore be examined on the matter of previous felony convictions. *People v. Thompson,* 182 Colo. 198, 511 P.2d 909 (1973); *see* § 13–90–101, C.R.S. 1998 (authorizing the admission, under certain circumstances, of evidence of prior convictions of a witness to impeach the credibility of that witness).

Here, because defendant proffered his own hearsay statements through his psychiatrist, our conclusion does not offend the general right of defendants to avoid self-incrimination by choosing not to testify.

## II. Change of Venue

Defendant also contends that the trial court denied him the right to a fair trial by denying his motion for a change of venue based upon publicity surrounding the events at issue. We disagree.

■ Section 16–6–101(a), C.R.S.1998, provides for a change of venue "when a fair trial cannot take place in the county or district in which the trial is pending." However, the existence of extensive pretrial publicity, by itself, does not create a right to change of venue. *People v. Bartowsheski,* 661 P.2d 235 (Colo.1983).

Where publicity is "massive, pervasive, and prejudicial," prejudice to the defendant can be presumed. *People v. McCrary*, 190 Colo. 538, 545, 549 P.2d 1320, 1326 (1976). However, absent such egregious publicity, a defendant must demonstrate that any publicity had an actual adverse effect on the jury. *People v. Carrillo*, 946 P.2d 544 (Colo.App.1997), *aff'd on other grounds*, 974 P.2d 478 (Colo.1999).

A motion for a change of venue is within the sound discretion of the trial court, and its ruling will not be disturbed on appeal absent an abuse of discretion. *People v. Coit*, 961 P.2d 524 (Colo.App.1997).

Here, defendant maintains that a change of venue was mandated both because of the overwhelming extent of the publicity and because its adverse effect on the jury was demonstrated. We are not persuaded.

As the trial court noted regarding the extent of the publicity, the media coverage contained in the record was balanced. It was not sensational, and some of the newspaper articles conveyed sympathy towards defendant concerning his plight with his workers' compensation claim. Indeed, some of the articles were rather critical of the workers' compensation system and suggested that people in defendant's situation are treated unfairly. Thus, prejudice to the defendant could not be presumed, and the trial court did not abuse its discretion in denying defendant's motion for a change of venue. *See People v. McCrary, supra.*

Furthermore, we reject defendant's contention that the trial court should have granted the motion for a change of venue based on his assertion that voir dire confirmed he could not receive a fair trial in El Paso County. The trial court conducted extensive voir dire in chambers concerning the effect of the pretrial publicity. Jurors who expressed knowledge of the case were either excused for cause or expressed an ability to put aside any opinions they had formed about the case. Thus, the trial court did not abuse its discretion.

## III. Challenges for Cause

Defendant also contends that the trial court erred by denying his challenges for cause to four prospective jurors. We are not persuaded.

The right to challenge a juror for cause is an integral part of a fair trial. *Carrillo v. People*, 974 P.2d 478 (Colo.1999).

The trial court must sustain a challenge for cause if the prospective juror expresses "enmity or bias toward the defendant or the state." Section 16–10–103(1)(j), C.R.S.1998.

A juror's indication of a preconceived belief as to some issue in the case does not automatically warrant exclusion for cause. *See People v. Drake*, 748 P.2d 1237 (Colo.1988).

The standard of review for a denial of a challenge for cause is an abuse of discretion. This standard is very high, giving deference to the trial court's assessment of the credibility of a prospective juror's responses. *Carrillo v. People, supra.*

In the present case, defendant challenged four potential jurors for cause on the basis of their exposure to pretrial publicity and based on other statements the prospective jurors had made during voir dire.

Defendant challenged the first juror on the basis that he lived near the Focus on the Family facility. He indicated that the incident involving defendant had been "a scary time" because he was concerned about his family, and he was aware from the publicity that the case had involved a bomb threat and hostages.

Nevertheless, when the trial court asked him whether he could render an impartial verdict, he unequivocally declared that he would decide the case based upon the evidence presented in court. He stated that he did not have any preconceived notions about the way the case should come out, and asserted that he would judge the credibility of those affiliated with Focus on the Family as he would any other witness' credibility. This juror's recollection of the publicity also was limited to general impressions. Thus, the trial court did not abuse its discretion in

denying defendant's challenge for cause to this juror. *Carrillo v. People, supra.*

■ The second juror was challenged because she had been to a retreat a year and a half earlier at which one of the victims involved in the incident had spoken about her experience. However, upon questioning, the juror indicated that she suffered from multiple sclerosis which affected her short-term memory. Her recollection of the publicity and statements from the victim at the retreat was limited to the victim having been held hostage.

Like the first juror, she indicated that she had no preconceived notions about defendant's guilt or innocence, and even expressed sympathy towards the defendant. Accordingly, the trial court did not abuse its discretion in denying defendant's challenge for cause.

■ The third juror was challenged based upon her support of Focus on the Family and having taken guests on tours of its facilities. In addition, she recalled specific details concerning the nature of defendant's injuries incurred during construction of the facility. This juror also expressed sympathy toward the defendant, and indicated that she would decide the case based upon the evidence presented in court. Furthermore, she did not express any preconceived notions about the outcome of the case. Therefore, the trial court did not abuse its discretion in denying this challenge for cause.

■ Defendant challenged the fourth juror based upon her knowledge of Focus on the Family, her fear of guns, and her religious conviction in opposition to suicide. However, this prospective juror said that she could evaluate the case based on the facts in evidence, and not based upon her fear of guns. She also stated her belief that she could be fair and impartial and follow the law and instructions. Again, we conclude the court did not abuse its discretion in denying defendant's challenge for cause.

## IV. Mistrial

Defendant also asserts that the trial court erred in denying his motion for a mistrial based on alleged juror misconduct. Again, we disagree.

■ A mistrial is a drastic remedy that is warranted only when the prejudice to the accused is so substantial that its effect on the jury cannot be remedied by other means. *People v. Salazar,* 920 P.2d 893 (Colo.App. 1996).

■ To demonstrate prejudice to the accused, there must be a reasonable possibility that extraneous information or influence affected the verdict. *People v. Manzanares,* 942 P.2d 1235 (Colo.App.1996).

■ Absent an abuse of discretion, a trial court's denial of a motion for a mistrial will not be disturbed on appeal. *People v. Lee,* 914 P.2d 441 (Colo.App.1995).

■ Here, defendant alleges that he heard one prospective juror tell another prospective juror that he was sure defendant "had the intent, not sure he had premeditation." However, the two prospective jurors testified that they were generally discussing the intent element of crimes, and specifically a hypothetical not related to the case. Both jurors assured the trial court that they would not rely upon their conversation in reaching their verdicts, but would follow the court's instructions as to the element of intent and otherwise.

Accordingly, the trial court did not abuse its discretion in denying the motion for a mistrial. *People v. Lee, supra.*

## V. Jury Instructions

Defendant next maintains that the trial court erred in rejecting his tendered theory of defense instruction, and in failing to instruct the jury on the definitions of certain terms. We perceive no error.

■ A theory of the case instruction which explains evidence must be general, brief, and instruct the jury on the legal effect of the explanation. *People v. Luu,* 813 P.2d 826 (Colo.App.1991).

■ The trial court may reject a theory of the case instruction which tends to be argumentative or calls attention to specific

evidence. *People v. Inman*, 950 P.2d 640 (Colo.App.1997).

The trial court has an affirmative obligation either to correct tendered theory of the case instructions or to incorporate the substance of the tendered theory of the case instruction into the instructions submitted to the jury. *People v. Nunez*, 841 P.2d 261 (Colo.1992).

In determining whether the jury has been adequately informed of the defendant's theory of defense, the court must consider the instructions as a whole. *People v. Tippett*, 733 P.2d 1183 (Colo.1987).

The court may also consider whether defense counsel's closing argument fairly represented defendant's theory to the jury. *See People v. Flanders*, 183 Colo. 268, 516 P.2d 418 (1973).

Here, defendant tendered three theory of the case instructions. Two were rejected, and the third was modified by the trial court. The instruction given by the trial court stated: "The defendant maintains that on May 2, 1996, he went to Focus on the Family only to kill himself, thus he had no criminal intent to commit the crimes charged."

This instruction was sufficient because the instructions as a whole and defense counsel's closing argument adequately informed the jury of defendant's theory of the case. *See People v. Tippett, supra; People v. Flanders, supra*.

We also reject defendant's contention that the trial court erred in rejecting his tendered instructions defining the terms "imprison" and "secrete." *See People v. Cardwell*, 181 Colo. 421, 510 P.2d 317 (1973) (the terms "seize," "confine," "imprison," and "detain" could be readily understood by people of common intelligence).

## VI. Admission of Evidence

Defendant also maintains that the trial court should not have admitted certain evidence. Specifically, he challenges the admission of a list of apparent victims prepared by him, evidence relating to the manner in which he spent his workers' compensation settlement, and his statement that, "As soon as I get an open line, I'll release the hostages," written and enlarged for the jury. We perceive no error in the treatment of this evidence.

Absent an abuse of discretion a trial court's evidentiary rulings will not be disturbed on appeal. *People v. Ibarra*, 849 P.2d 33 (Colo.1993).

Where a trial court abuses its discretion in admitting contested evidence, the error does not require reversal if it was harmless. Harmless error is error which does not substantially influence the verdict or affect the fairness of the trial proceedings. *Tevlin v. People*, 715 P.2d 338 (Colo.1986).

Here, we conclude that even if the trial court erred in admitting the contested evidence, any such error was harmless.

With respect to the list of defendant's apparent victims, defendant has not demonstrated, and the record does not reveal, any evidence suggesting that this list was emphasized, highlighted, or commented on during the presentation of the prosecution's case. The trial court offered to give the jury a limiting instruction on the evidentiary use of the list, as being relevant only to defendant's motive or intent, but defense counsel elected to waive the inclusion of such an instruction.

The evidence concerning defendant's workers' compensation settlement was elicited through his own witness, his workers' compensation attorney. Defense counsel sought to introduce evidence of defendant's experience with the workers' compensation system to provide a context for his hostility toward and comments about the workers' compensation system during the incident at Focus on the Family. Moreover, defendant has pointed to no place in the record in which the prosecutor suggested that defendant spent his settlement unwisely.

Given the substantial evidence against defendant in this case, we do not perceive that the admission of this evidence substantially influenced the verdict. Thus, any error in its admission was harmless.

Defendant also suggests that it was improper for the prosecution to use defendant's statement quoted above by displaying it in enlarged written form as demonstrative evidence during one witness' testimony. However, defendant concedes that seven different witnesses testified that defendant had made such a statement. Thus, the admission of this evidence was merely cumulative.

## VII. Cumulative Error

Finally, defendant asserts that the cumulative effect of errors at trial warrant reversal. Again, we disagree.

Where individual errors in a trial do not require reversal, but in the aggregate show the absence of a fair trial, reversal is required. Conversely, where there are no individual errors at trial, or where errors do not show the absence of a fair trial, reversal is not required. *See People v. Roy*, 723 P.2d 1345 (Colo.1986).

Here, any errors that occurred at trial were harmless, *see Tevlin v. People, supra,* and we conclude that their cumulative effect does not warrant a new trial.

The judgment of conviction is affirmed.

Judge ROTHENBERG and Judge ROY, concur.