Affirmed and Memorandum Opinion filed June 26, 2003









Affirmed and Memorandum Opinion filed June 26, 2003.

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-00-01282-CR

____________

 

RICHARD
LATOOD CRAIG, Appellant

 

V.

 

THE
STATE OF TEXAS, Appellee

 



 

On Appeal from the
183rd District Court

Harris County, Texas

Trial Court Cause
No. 836,874

 



 

M E M O R A N D U M   O P I N
I O N

Appellant was convicted
by a jury for forgery and sentenced to two years=
confinement in the Texas Department of Criminal Justice, Institutional
Division.  On appeal, appellant complains
in one issue that allowing the State to impeach a defense witness regarding his
prior convictions was error.  We affirm
the trial court=s
judgment.

FACTUAL AND PROCEDURAL
BACKGROUND








Appellant devised a plan
involving the passing of forged checks using fake identifi-cation.  His accomplice, LaShonda Henderson, would
present the checks and split the proceeds with appellant.  Eventually, both Henderson and appellant were
arrested for forgery by attempting to use bad checks at a department store. 

At trial, appellant=s girlfriend, Valencia
Johnson, who was with appellant at the department storeCbut unaware of the schemeCtestified.  She said she overheard appellant tell
Henderson “[b]uy whatever you want to buy. 
It’s your money.”  The trial court
then allowed the State to impeach the appellant through Johnson, specifically
asking Johnson whether she knew of his four prior forgery convictions.  Johnson denied knowledge of each prior
forgery.  Appellant was then found guilty
of one count of felony forgery. 
Appellant appealed.

STANDARD OF REVIEW

We review a trial court’s
evidentiary ruling under an abuse of discretion standard.  Guzman v. State, 955 S.W.2d 85, 89
(Tex. Crim. App. 1997).  A trial court
must be given wide latitude to admit or exclude evidence as it sees fit.  Theus v. State, 845 S.W.2d 874, 881
(Tex. Crim. App. 1992).  As long as the
trial court=s
ruling was within the zone of reasonable disagreement, an appellant court may
not disturb it.  Montgomery v. State,
810 S.W.2d 372, 391 (Tex. Crim. App. 1990).

DISCUSSION

In appellant=s only issue, he
complains it was error to allow the State to impeach him by introduction of his
prior convictions through a defense witness. 
The State defended its position by citing to Texas Rules of Evidence
806.  That Rule states in part the
following:

When a hearsay
statement, or a statement defined in Rule 801(e)(2)(C), (D), or (E) . . . has
been admitted in evidence, the credibility of the declarant may be attacked,
and if attacked may be supported by any evidence which would be admissible for
those purposes if declarant had testified as a witness. 

 








Tex. R.
Evid. 806.  The intent of Rule
806 is to “permit impeachment and rehabilitation by any means that could be
used if the declarant were a witness.”  Bee
v. State, 974 S.W.2d 184, 190 (Tex. App.CSan
Antonio 1998, no pet.). 

The purpose of Rule 806
is “to establish a standard for attacking the credibility of a hearsay
declarant.”  United States v. Graham,
858 F.2d 986, 990 (5th Cir. 1988).[1]  When appellant=s
counsel allowed Johnson to testify to hearsay statements, counsel put appellant=s credibility at issue, see
United States v. Lawson, 608 F.2d 1129, 1129 (6th Cir. 1979), just as if
appellant had taken the stand.  See
id.  Rule 806 can “set a trap for
criminal defense counsel.  A defendant
who chooses not to testify but who succeeds in getting his or her own
exculpatory statements into evidence runs the risk of having those statements
impeached by felony convictions.”  United
States v. Montana, 19 F.Supp.2d 873, 876 (N.D. Ill. 1998) (citing Jack Weinstein & Margaret Berger,
Weinstein=s Federal Evidence ' 806.04[2][b], at 806B1 to 806B12 (Joseph McLaughlin
ed., 2d ed. 1998)).  The general reason
for this rule is to prevent one side from trying a case based largely on
hearsay statements, and then objecting when the other side attempts to impeach
the declarant of the hearsay statements. 
See Marcel v. State, 64 S.W.3d 677, 679 (Tex. App.CHouston [1st Dist.] 2001,
pet. denied).

A.        Rule 806

For Rule 806 to apply,
first a witness must testify to a hearsay statement.  Tex.
R. Evid. 806.  When Johnson took
the stand, she described in detail the activities she witnessed in the
department store.  She said that when
Henderson approached appellant, appellant stated, “[b]uy whatever you want to
buy.  It=s
your money.”  The defense introduced this
statement for the truth of the matterCto
show that he was not associated with this woman, and it was all her money to
spend as she chose.  Under Rule 806, once
this hearsay statement is admitted in evidence, the credibility of the
appellant can be attacked.  Here, the
declarant was the appellantCalthough
his statement was conveyed through JohnsonCso
the State could confront Johnson as if appellant himself had taken the stand.








If appellant had taken
the stand, the State would have been allowed to impeach his credibility with
prior felony convictions.  Tex. R. Evid. 609.  Therefore, once the hearsay statement was
admitted, the State could impeach the appellant with prior convictions through
Johnson.  Griffith v. State, 983
S.W.2d 282, 290 (Tex. Crim. App. 1998) (holding credibility of declarant can be
impeached by prior convictions under Rule 806); see also Appling v. State,
904 S.W.2d 912, 916 (Tex. App.CCorpus
Christi 1995, writ ref=d)
(holding credibility of declarant can be attacked when the declarant is the
non-testifying defendant).  Here, the
State asked a series of “did you know” questions regarding appellant=s four prior felony
convictions.  Johnson answered she did
not have personal knowledge of any of the prior forgery convictions.  The State did not delve into these prior
convictions any further.  This was a
perfectly acceptable method of impeachment. 
See Griffith, 983 S.W.2d at 290 (holding that if the declarant
would have testified, the State would have been allowed to impeach his
credibility with a prior criminal conviction); see also Wilson v. State,
71 S.W.3d 346, 350 (Tex. Crim. App. 2002) (holding that witnesses testifying to
the character of appellant may be asked “did you know” questions).  In short, under Rule 806, the State could ask
about the prior convictions, but before it actually did that, the judge was
required under Rule 609(a) to consider whether their probative value outweighed
their prejudicial value.  We explain
below.




B.        Probative versus Prejudicial Test 

Before prior convictions
are admitted in evidence, the court must determine “that the probative value of
admitting this evidence outweighs its prejudicial effect to a party.”  Tex.
R. Evid. 609(a).  After a trial
court conducts the balancing test, wide discretion is given to the trial court,
and the court’s decision should only be reversed for a clear abuse of
discretion.  See Theus, 845 S.W.2d
at 881; see also Montgomery, 810 S.W.2d at 390.  A record that the trial court conducted the
balancing test is not neededCit
is presumed the trial court conducted this analysis.  Bryant v. State, 997 S.W.2d 673, 676
(Tex. App.CTexarkana
1999, no pet.).  

Even though a record is
not needed, this record clearly shows the trial court did not perform the
balancing test.  Because the court did
not perform the test, error occurred.  Rojas
v. State, 986 S.W.2d 241, 250 (Tex. Crim. App. 2001); Colvin v. State,
54 S.W.3d 82, 85 (Tex. App.CTexarkana
2001, no pet.). However, rather than reversing, we can apply the balancing test
and, having done so, we conclude that the probative value of the impeachment
questions outweighs the prejudicial value.[2]








In Theus, the
Texas Court of Criminal Appeals set out a nonexclusive list of five factors to
assist trial courts when determining whether the proponent of evidence has met
his burden.  Theus v. State, 845
S.W.2d 874, 881 (Tex. Crim. App. 1992). 
The five factors are (1) the impeachment value of the prior offense, (2)
the temporal proximity of the past crime relative to the charged offense, (3)
the similarity between past crimes and the offense being charged, (4) the
importance of the defendant=s
testimony, and (5) the importance of the credibility issue.  Id.

First, we look at the
impeachment value of the prior offenses. 
Id.  Appellant’s prior four
convictions are for forgery, and weigh in favor of admission.  See White v. State, 21 S.W.3d 642, 647
(Tex. App.CWaco
2000, pet. ref’d) (holding the court favors admission because theft is a crime
of deception and the impeachment value of a crime involving deception is higher
than the impeachment value of a crime involving violence).  Courts favor admitting prior offenses
involving deception, as opposed to violence. 
Pierre v. State, 2 S.W.3d 439, 442 (Tex. App.CHouston [1st Dist.] 1999,
pet. ref=d).  “Between prior offenses involving violence
and those involving deception, the former have a greater potential to prejudice
the defendant, while the latter are more probative of the defendant=s credibility.”  See id. 
The first Theus factor favors admissibility of appellant=s prior offenses.

Second, the law favors
admitting evidence of a witness=s
prior offenses “if the offenses are recent and the witness has demonstrated a
propensity for breaking the law.”  Id.  When examining the Texas Rules of
Evidence, Rule 609(b) provides that a conviction is sufficient for impeachment
if “less than 10 years has elapsed since the date of the prior conviction.”  See Tex.
R. Evid. 609(b).  Here, appellant=s four convictions for
forgery all occurred on November 23, 1993, well within ten years.  Further, appellant=s multiple convictions
demonstrated his propensity for lawlessness. 
The second Theus factor favors admissibility. 








Third, the law disfavors
admitting evidence of prior offenses if the offenses are similar.  See id.;  see also Theus, 845 S.W.2d at
881.  If the defendant=s prior offenses and the
charged offense are similar, a danger arises “that the jury will convict that
defendant based on a perception of a pattern of past conduct rather than based
upon the facts of the charged offense.@  Pierre, 2 S.W.3d at 443; but see
Peters v. State, 93 S.W.2d 347, 352 (Tex. App.CHouston [14th Dist.]
2002, pet. ref’d) (holding that evidence of an extraneous offense is
admissible, in certain cases, to show motive, intent, or a common plan or
scheme).  Here, appellant=s prior offenses and the
charged offense are the same; all involve forgery, but there was no showing at
trial that the forgeries fell into any exception to the rule.  The third Theus factor favors
inadmissibility.

Finally, the last two
factors pertain to the defendant=s
testimony and credibility.  “When a case
involves the testimony of only the defendant and the State=s witnesses, the
importance of the defendant=s
testimony escalates.  As the importance
of the defendant=s
testimony escalates, the State=s
need for an opportunity to impeach the defendant=s
credibility also escalates.”  Pierre,
2 S.W.3d at 443; see also Theus, 845 S.W.2d at 881.  Henderson, the woman who actually passed the
forged check,  testified appellant was
the mastermind behind the forgery scheme. 
Appellant claimed Henderson was the only person involved in the crime
and appellant was simply an innocent bystander. 
Appellant did not testify, so the fourth Theus factor is
irrelevant here.  However, appellant=s credibility was a
central issue in this case.  Whom the
jury should believe was important, and the fifth factor weighs in favor of
admitting the prior offenses so the jury can fully assess credibility.  Therefore, the fourth factor is irrelevant
and the fifth factor favors admissibility.

Even though the third
factor weighs against admissibility, the other three relevant Theus factors
favor admitting the prior offenses. 
After examining the factors, we conclude the evidence concerning the
prior convictions had high probative value, and, although the evidence may have
been prejudicial to appellant, we conclude it was not so unduly prejudicial
as to outweigh the probative nature of the evidence.  Thus, the trial court did err in not conducting
a probative versus prejudicial test. 
However, having conducted the test ourselves, we conclude that the
probative value of the questions outweigh any possible prejudicial value.

For these reasons, we
overrule appellant=s
issue and affirm the trial court=s
judgment.

 

/s/        Wanda McKee Fowler

Justice

 

 

Judgment
rendered and Memorandum Opinion filed June 26, 2003.

Panel
consists of Chief Justice Brister, Justices Hudson and Fowler.

Do
Not Publish C Tex.
R. App. P. 47.2(b).

 











[1] 
The commentary to Texas Rule of Evidence 806 states the following:   

Texas Rule 806 is the federal rule with two minor
changes.  The cross-references have been
renumbered to conform to the Texas numbers, and to include a reference to a
pertinent Texas provision for which there is no federal counterpart.  Additionally, in the sentence dispensing with
the requirement ‘opportunity to deny or explain,’ the phrase ‘offered to
impeach the declarant= has been used in place of >inconsistent with his hearsay statements,’ so that it
is made clear that the sentence covers impeachment by means other than
inconsistent statements, such as evidence of bias or interest.

Tex. R. Evid. 806, cmty 806.1.  Therefore, this Court can look to federal
cases for interpretation and the purpose of Rule 806.





[2]  We have not
found a case involving prior convictions in which the trial court did not
conduct a Rule 403 balancing test. 
However, in Montgomery, the Texas Court of Criminal Appeals
stated “the appellate court must measure the trial court’s ruling against the
relevant criteria by which a Rule 403 decision is to be made.” Montgomery,
810 S.W.2d at 392; see also Colvin v. State, 54 S.W.3d 82, 85B86 (Tex. App.CTexarkana
2001, no pet.) (holding that the trial court did not conduct the requisite Rule
403 balancing test regarding character evidence, and the four Montgomery factors
were used to analyze  harm).  Because the trial court should have looked at
these past transgressions as prior convictionsCnot
404(b) character evidenceCwe will apply the appropriate balancing test by
applying the Theus factors.  Theus
v. State, 845 S.W.2d 874 (Tex. Crim. App. 1992).