2014 COA 128

The PEOPLE of the State of Colorado,
Plaintiff–Appellee,

v.

Robert Omondi OMWANDA,
Defendant–Appellant.

Court of Appeals No. 13CA1173

Colorado Court of Appeals,
Div. VI.

Announced September 25, 2014

John W. Suthers, Attorney General, Brock J. Swanson, Assistant Attorney General, Denver, Colorado, for Plaintiff–Appellee.

The Joffe Law Firm, Danyel S. Joffe, Denver, Colorado, for Defendant–Appellant.

Opinion by JUDGE RICHMAN

¶ 1 Defendant, Robert Omondi Omwanda, appeals the judgment of conviction entered after a jury found him guilty of possession of a controlled substance. We remand the case for further proceedings.

## I. Background

¶ 2 Before trial, defendant sought to suppress evidence that police recovered from his cell phone. At the suppression hearing, an officer testified that he stopped a car carrying six people, including defendant. With the driver's permission, the officer searched the car, finding electronic scales and a pill bottle containing cocaine on the floor. Two of the passengers said that the pill bottle belonged to defendant.

¶ 3 The officer arrested and searched defendant. The search revealed another pill bottle and a cell phone. The second pill bottle contained a white residue, which the officer suspected was cocaine. Defendant asked the officer to give the cell phone to one of the other passengers, but the officer refused, telling defendant that he would keep the phone as evidence. The officer then read three text messages on the phone. One was sent from the phone about thirty minutes before defendant's apprehension: "I waz breakin a line of coke then lil piece went in to my eye." Another was received by the phone about fifteen minutes later: "It was aite [alright] but that shit i got from u before when u was up on riverside was sum fire." The third message was received the day before: "baby how much will u charge me for two grams."

¶ 4 The officer later applied for, and received, a warrant to search the phone. His warrant application quoted the three text messages that he had read during his initial search. The search of the phone pursuant to the warrant revealed additional communications and information indicative of drug dealing.

¶ 5 The trial court denied defendant's motion to suppress both the three text messages found in the initial search and the other communications, which defendant claimed to be "fruit of the poisonous tree." The court concluded that the officer's initial search of the phone was valid incident to defendant's arrest.

¶ 6 The case proceeded to trial on two counts: possession with intent to distribute a controlled substance and possession of more than four grams of a controlled substance. The evidence at trial included the officer's testimony, which generally mirrored his testimony at the motions hearing. The People also presented photographs, call logs, and text messages that police extracted from defendant's phone pursuant to the search warrant. The officer also testified about the text messages quoted above.

¶ 7 A forensic scientist testified that the bottle found on the floor contained 15.45 grams of cocaine. She testified that the pill bottle recovered from defendant contained only "a very, very tiny residue," which she did not weigh. But, she testified, the residue tested positive for cocaine.

¶ 8 The jury acquitted defendant of possession with intent to distribute. It convicted him of possession of a controlled substance, while concluding that the prosecution had

failed to prove that he possessed more than four grams.

¶ 9 Defendant now appeals. He contends the trial court erred in (1) denying his motion to suppress evidence obtained from his cell phone; and (2) omitting a portion of his tendered theory of defense instruction. We conclude that a remand is necessary to resolve his first contention, and we reject his second.

## II. Motion to Suppress

¶ 10 Defendant argues that the officer's initial search of his phone violated the Fourth Amendment. Based on the rule announced by the United States Supreme Court in *Riley v. California*, —— U.S. ——, 134 S.Ct. 2473, 189 L.Ed.2d 430 (2014), we agree.

¶ 11 The People argue that the information on the phone was nevertheless admissible under the independent source doctrine. We conclude that the record does not allow us to fully address the People's argument. Because we cannot say that the evidence taken from the phone was harmless beyond a reasonable doubt, we conclude that a remand is necessary.

### A. Search Incident to Arrest

¶ 12 Reviewing a suppression ruling presents a mixed question of law and fact. *People v. Alameno*, 193 P.3d 830, 834 (Colo. 2008). We review de novo the trial court's legal conclusions, but we defer to the trial court's factual findings if competent evidence in the record supports them. *Id.*

¶ 13 Warrantless searches are per se unreasonable under the Fourth Amendment; evidence obtained pursuant to such a search is inadmissible unless an established exception to the warrant applies. *People v. Marshall*, 2012 CO 72, ¶ 9, 289 P.3d 27; *see also* U.S. Const. amends. IV, XIV; Colo. Const. art. II, § 7.

¶ 14 One such exception exists for searches incident to a lawful arrest. *Marshall*, ¶ 10. Under this exception, officers making a lawful arrest may search the arrestee and the area within the arrestee's imme-

diate control. *People v. Gothard*, 185 P.3d 180, 184 (Colo. 2008).

¶ 15 The trial court's ruling, denying the motion to suppress because the search was incident to the arrest, was consistent with the controlling jurisprudence of our state at the time. *See People v. Taylor*, 2012 COA 91, ¶¶ 17, 21–22, 296 P.3d 317. However, on June 30, 2014, after the parties filed their appellate briefs, the United States Supreme Court, in *Riley*, announced the rule "that a warrant is generally required before … a search [of information on a cell phone], even when a cell phone is seized incident to arrest." —— U.S. ——, 134 S.Ct. at 2493. *Riley* effectively abrogated the holding in *Taylor*.

¶ 16 *Riley*'s holding applies here because the Supreme Court announced that decision while this appeal was pending. *See Lopez v. People*, 113 P.3d 713, 717 (Colo. 2005). Under *Riley*, the officer's initial search of the phone's text messages was not valid incident to defendant's arrest. *See* —— U.S. ——, 134 S.Ct. at 2495. Thus, we must reverse the trial court's order to the extent that it concluded the search of defendant's cell phone was lawful incident to his arrest.

### B. Independent Source

¶ 17 The People contend that even if the officer's initial search was unlawful, the police independently discovered the information on the phone pursuant to the search warrant. As a result, they argue that the information was admissible under the independent source doctrine. Because the trial court concluded that the search of defendant's cell phone was lawful, it made no findings or conclusions related to the independent source doctrine. We conclude that further factual findings are necessary on this issue.

#### 1. Law

¶ 18 The exclusionary rule requires courts to suppress evidence that police obtained in violation of a defendant's Fourth Amendment rights. *People v. Schoondermark*, 759 P.2d 715, 718 (Colo. 1988). The rule applies to the illegally obtained evidence itself and to any additional evidence derived from it. *Id.* However, the independent

source doctrine is one exception to the exclusionary rule. *Id.* Under this doctrine, a court may admit unconstitutionally obtained evidence "if the prosecution can establish that it was also discovered by means independent of the illegality." *People v. Arapu,* 2012 CO 42, ¶ 29, 283 P.3d 680 (internal quotation marks omitted).

¶ 19 In *Arapu,* the supreme court applied the independent source doctrine where evidence was initially discovered during an illegal search but later seized when police executed a search warrant. *Id.* at ¶ 32. In doing so, the court first redacted the illegally obtained information from the affidavit supporting the warrant and then reviewed the redacted affidavit for probable cause. *Id.* at ¶ 26. After concluding that the redacted affidavit provided probable cause for the issuance of the search warrant, the court determined that the contested evidence was admissible under the independent source doctrine because police would have discovered it under the warrant even if officers had not seen it earlier during an illegal search. *Id.* at ¶ 32.

¶ 20 Thus, in this context, the independent source doctrine will justify admitting illegally obtained evidence if (1) the illegal discovery did not affect the officers' decision to seek the warrant that provided the independent source; and (2) the redacted warrant affidavit established probable cause. *See People v. Nelson,* 2012 COA 37, ¶ 54, 296 P.3d 177.

¶ 21 To establish probable cause, the warrant affidavit must allege facts sufficient to cause a reasonably cautious person to believe that evidence of criminal activity is located at the place to be searched. *People v. Krueger,* 2012 COA 80, ¶ 40, 296 P.3d 294.

¶ 22 We review de novo a redacted affidavit. *Arapu,* ¶ 26. As a result, we need not remand the case for the trial court to review the redacted affidavit in the first instance. *See id.*

## 2. Analysis

¶ 23 The People do not dispute defendant's assertion that the evidence recovered under the warrant was derived from the search of the cell phone and is therefore subject to the exclusionary rule. Accordingly, we turn to their argument that the phone's contents were discovered under the warrant independent of the illegal search.

¶ 24 Guided by *Arapu,* we review the officer's warrant application for probable cause after striking the three text messages that he obtained during his initial search of the phone. *See id.*

The redacted affidavit alleges that:
- the area in which the officer stopped defendant was known for having a lot of drug activity;
- the officer found digital scales and a pill bottle containing cocaine in the car;
- two witnesses said that the cocaine belonged to defendant;
- defendant appeared nervous and provided inconsistent and conflicting explanations of his recent whereabouts and reasons for being in Colorado;
- the officer found the phone on defendant, along with another pill bottle, which contained a residue consistent with cocaine; and
- defendant asked the officer to give the phone to one of his friends, which the officer refused to do, stating that he was retaining it as evidence.

These allegations establish probable cause for the officer to believe that defendant was engaged in the unlawful distribution and possession of cocaine and that his cell phone would contain evidence of these criminal activities. Therefore, they support the issuance of the search warrant.

¶ 25 We reject defendant's argument that, without the information obtained by the officer's initial search, the affidavit contains no evidence linking the phone to criminal activity. The redacted affidavit states that a substantial amount of suspected cocaine was found in the car. It also states that two witnesses said that the cocaine belonged to defendant, and the officer found the phone on defendant after the two witnesses said that the cocaine belonged to him. Further, the affidavit states that defendant asked the officer to give his phone to one of the other

passengers. The officer quizzed defendant, asking if he wanted the officer to give the phone to one of his friends, and the defendant said "yes," an answer giving rise to a reasonable suspicion the cell phone might contain information defendant did not want the officer to have. As the Supreme Court stated in *Riley*, "Cell phones have become important tools in facilitating· coordination and communication among members of criminal enterprises, and can provide valuable incriminating information about dangerous criminals." ──· U.S. ──, 134 S.Ct. at 2493.

¶ 26 Although these factual allegations support innocent inferences, they also support the inference that defendant hoped to conceal evidence contained within the phone. *See People v. Hebert*, 46 P.3d 473, 482 (Colo. 2002) ("[E]ven though the facts alleged in an affidavit may be consistent with an innocent explanation, a combination of otherwise lawful circumstances may well lead to a legitimate inference of criminal activity." (internal quotation marks omitted)).

¶ 27 Here, whether the redacted affidavit supports probable cause is a close question. Yet, we must award warrants a preference "even in doubtful or marginal cases." *Nelson*, ¶ 49 (internal quotation marks omitted). Therefore, we conclude· that the redacted affidavit established a sufficient link between the phone and criminal activity.

 ¶ 28 Because we have concluded that the redacted affidavit supported probable cause for the issuance of the warrant, the admissibility of the evidence under the independent source doctrine turns on whether the initial search of the three text messages affected the officer's decision to seek the search warrant. This question, unlike the review of a redacted affidavit, requires factual findings. *See Murray v. United States*, 487 U.S. 533, 543, 108 S.Ct. 2529, 101 L.Ed.2d 472 (1988). It is the trial court's function to make such findings; consequently, we must remand the case for further proceedings. *Id. see Nelson*, ¶ 55.

¶ 29 Specifically, the trial court should determine whether the information obtained from the search of the phone before the warrant was issued affected the officer's decision to obtain a warrant. *See Nelson*,

¶ 55; *see also Schoondermark*, 759 P.2d at 719. The court should allow the parties an opportunity to supplement the record with additional evidence. *See Nelson*, ¶ 55. The People bear· the burden of proving by a preponderance of the evidence that the independent source doctrine renders the evidence admissible. *See id.*

## C. Harmlessness

¶ 30 The People argue that even if the text messages and data that were unlawfully seized from defendant's cell phone were erroneously admitted at trial, the conviction for possession of a controlled substance can be affirmed under the doctrine of harmless error. The People argue that the admitted messages were related to evidence of distribution, the offense for which defendant was acquitted, not to the conviction for possession. However, our decision to remand the case reflects our determination that the evidence recovered from the phone was not harmless beyond a reasonable doubt.

 ¶ 31 We review trial ·errors of constitutional dimension, including the admission of evidence obtained by an unconstitutional search, for constitutional harmless error. *Bartley v. People*, 817 P.2d 1029, 1034 (Colo. 1991). Under this standard, we will affirm the court's judgment despite a constitutional error if "the evidence properly received against a defendant is so overwhelming that the constitutional violation was harmless beyond a reasonable doubt." *Id.*

 ¶ 32 In deciding whether the error was harmless beyond a reasonable doubt, we consider (1) the importance of the evidence to the People's case; (2) whether the evidence is cumulative; and (3) the overall strength of the People's case. *See People v. Allen*, 199 P.3d 33, 37 (Colo. App. 2007). In the end, our inquiry is whether the jury's guilty verdict in this "trial was surely unattributable to the error." *Sullivan v. Louisiana*, 508 U.S. 275, 279, 113 S.Ct. 2078, 124 L.Ed.2d 182 (1993).

 ¶ 33 We cannot say that the jury's verdict on the possession charge was surely not attributable to the evidence recovered

from the phone. Closing arguments make clear the importance of the evidence to the People's case. Both sides discussed the evidence found on the phone throughout their arguments. For example, in his final remarks, the prosecutor highlighted the text messages:

> Ladies and gentlemen, you've got the text messages. You can look through them. You've got the bottles. And I submit to you, you look at this evidence, use your common sense. Think about what that means. And there is no reasonable doubt at all about who possessed that cocaine. It was [defendant], and he is guilty as charged, and I would ask you to return guilty verdicts.

Further, the evidence was not cumulative.

¶ 34 Although the text messages were arguably more relevant to the charge of possession with intent to distribute, on which the jury found defendant not guilty, defendant also asserted that he did not knowingly possess the residue in the pill bottle found on him. The text messages cast doubt on that argument. Not only did the messages suggest that defendant sold, and therefore possessed, cocaine, but the message sent thirty minutes before his arrest—in which the author described "breakin a line of coke"—may have contributed to the jury's conclusion that defendant knowingly possessed the residue. Without the text messages, the evidence that defendant knew that he possessed the residue was not overwhelming. *Cf. Richardson v. People*, 25 P.3d 54, 58 (Colo. 2001) ("In situations where there is not evidence of a usable quantity [of a controlled substance], the People must present other evidence regarding the defendant's knowledge to justify the jury's consideration of that element.").

### III. Theory of Defense Instruction

¶ 35 Defendant contends that the trial court erred in omitting a portion of his tendered theory of defense instruction. We disagree.

#### A. Instruction

¶ 36 Defendant's tendered theory of defense instruction included his assertion "that he did not have exclusive control over the phone and that other people had continuing access to his phone during the time the text messages in question were sent or received."

¶ 37 The trial court rejected the instruction and drafted the theory of defense instruction that the jury received:

> The defendant has pled not guilty to the two counts charged, Possession of a Controlled Substance and Possession with Intent to Distribute a Controlled Substance. Defendant contends as follows: 1) that there were five other occupants in the vehicle with him and those persons were not thoroughly investigated by law enforcement; and 2) that one or more of those other five persons possessed the pill bottle alleged to contain approximately 15.4 grams of cocaine and the digital scale.

¶ 38 The trial court denied defendant's request to include in the court's instruction his assertion that other people had access to his phone. Nevertheless, during closing argument, defendant's counsel argued that someone else used the phone and sent text messages from it.

#### B. Standard of Review

¶ 39 A trial court must instruct the jury on all matters of law applicable to the case. *Riley v. People*, 266 P.3d 1089, 1092 (Colo. 2011). We review jury instructions de novo to determine whether the instructions accurately informed the jury of the governing law. *Id.* If they did, we then review for an abuse of discretion a trial court's decision to give—or not give—a particular instruction, which occurs when the court's decision is manifestly arbitrary, unreasonable, or unfair. *People v. Paglione*, 2014 COA 54, ¶ 45, —— P.3d ——.

#### C. Law

¶ 40. A theory of defense instruction must be general and brief and must explain the evidence and its legal effect. *People v. Harte*, 131 P.3d 1180, 1186 (Colo. App. 2005). A defendant is generally entitled to a theory of defense instruction when evidence in the record supports the instruction. *Id.* A trial court must cooperate with counsel to correct an improper theory of

defense instruction or draft an instruction that incorporates the substance of a defendant's theory. *People v. Nunez,* 841 P.2d 261, 265 (Colo. 1992).

 ¶ 41 But a trial court does not err in rejecting a theory of defense instruction if the instructions as a whole and the argument of counsel adequately convey the defendant's theory to the jury. *People v. Wartena,* 2012 COA 12, ¶ 31, 296 P.3d 136; *People v. Dore,* 997 P.2d 1214, 1222 (Colo. App. 1999). A trial court may reject ·a theory of defense instruction that is argumentative or merely highlights specific pieces of evidence. *Harte,* 131 P.3d at 1186.

### D. Analysis

 ¶ 42 We conclude that the trial court did not abuse its discretion in omitting the contested portion of defendant's theory of defense instruction. The contested portion simply highlighted one piece of evidence: that other people had access to defendant's phone. *See id.* In any event, the trial court's instructions allowed defendant to convey the omitted information to the jury during closing argument, which his counsel did. *See Dore,* 997 P.2d at 1222.

### IV. Conclusion

¶ 43 The case is remanded for further proceedings to determine whether the independent source exception to the exclusionary rule permitted the use at trial of the information obtained from defendant's cell phone, despite the prior illegality of the examination of the three text messages. If the trial court determines that the independent source exception applies, the judgment shall stand affirmed subject to defendant's right to appeal that independent source determination.

¶ 44 If, however, the court determines that the initial search of defendant's cell phone affected the officer's decision to seek the warrant, and therefore the later lawful search of the phone was not independent of the tainted search, the judgment of conviction must be reversed and a new trial held

without the admission of any of the evidence from defendant's cell phone. *See Nelson,* ¶ 59.

JUDGE Booras and JUDGE Roy * concur.