2013 CO 47

**Rudolph Matthew CANDELARIA, Petitioner**

v.

**The PEOPLE of the State of Colorado, Respondent**

**Supreme Court Case No. 10SC794**

Supreme Court of Colorado.

July 1, 2013

Attorneys for Petitioner: Douglas K. Wilson, Colorado State Public Defender, Ellen K. Eggleston, Deputy State Public Defender, Denver, Colorado

Attorneys for Respondent: John W. Suthers, Attorney General, Katharine J. Gillespie, Assistant Attorney General, Denver, Colorado

JUSTICE RICE delivered the Opinion of the Court.

¶ 1 In this sexual assault case, we interpret the relationship criterion of the sexually violent predator ("SVP") statute, section 18–3–414.5(1)(a)(III), C.R.S. (2012), and hold that an offender need not specifically intend to establish or promote a relationship with the victim primarily for the purpose of sexual victimization to satisfy that provision. We accordingly overrule the court of appeals' decision in *People v. Stead,* 66 P.3d 117, 122 (Colo.App.2002), to the extent that it conflicts with this opinion.

¶ 2 In addition, after applying our interpretation of the relationship criterion to the record in this case, we hold that the trial court made the appropriate specific findings and correctly designated Petitioner Rudolph Matthew Candelaria as an SVP. We therefore affirm the judgment of the court of appeals.

## I. Facts and Procedural History

¶ 3 Candelaria met his victim, ML, while in line at a store in Durango, Colorado. A few days later, Candelaria and ML went out for dinner and drinks. At the end of the evening, Candelaria offered to give ML a ride to her car. ML accepted the offer, but instead of driving ML to her car, Candelaria drove ML to a secluded location and sexually assaulted her. ML immediately reported the incident to the police. The state charged Candelaria with one count of first-degree sexual assault, a class three felony.

¶ 4 A jury convicted Candelaria of sexual assault after a three-day trial. The trial court sentenced Candelaria to an indeterminate prison term of eight years to life, and designated him as an SVP. Candelaria appealed his conviction, sentence, and SVP designation to the court of appeals. The court of appeals affirmed the sexual assault conviction, but held that the trial court erred when it designated Candelaria as an SVP without making the factual findings required by the SVP statute. *People v. Candelaria,* No. 06CA1585, slip op. at 23–24, 2008 WL 3126311 (Colo.App. Aug. 7, 2008) (not selected for official publication). The court of appeals remanded the case to the trial court with instructions to make the factual findings regarding whether to designate Candelaria as an SVP. *Id.* at 23.

¶ 5 Upon remand, the trial court conducted a hearing to determine Candelaria's SVP status. During the hearing, the trial court made specific factual findings supporting its SVP designation. Referring to trial testimony, a presentence investigation report, the

Sex Offender Management Board ("SOMB") evaluator's scored risk assessment screening instrument, and Candelaria's admissions, the trial court found that Candelaria established and promoted his relationship with ML primarily for the purpose of sexual victimization.

¶ 6 Candelaria appealed this second SVP designation to the court of appeals, which affirmed. *People v. Candelaria*, No. 09CA1350, slip op. at 5, 2010 WL 3911447 (Colo.App. Oct. 7, 2010) (not selected for official publication). The court of appeals, citing *Stead*, 66 P.3d at 122, held that the trial court's findings were "sufficient to satisfy the requirement that [Candelaria] formed the relationship [with ML] with the 'specific intent' to sexually assault [her]." *Id.* at 4–5.

¶ 7 Candelaria petitioned this Court for certiorari review of the court of appeals' opinion. We granted certiorari to determine "[w]hether the trial court erroneously reached its SVP finding without making the scienter finding that is specifically required" by *Stead*.

## II. Analysis

¶ 8 We review the plain language of the relationship criterion of the SVP statute to determine if it requires an offender to have specifically intended to establish or promote his relationship with the victim for the purpose of sexual victimization, as the court of appeals held it did in *Stead*, 66 P.3d at 122. After determining that section 18–3–414.5(1)(a)(III) contains no such specific intent requirement, we analyze the trial court's findings underlying its SVP designation in this case and conclude that the court of appeals correctly affirmed the trial court's SVP designation. We turn first to the relationship criterion of the SVP statute.

### A. Section 18–3–414.5(1)(a)(III)

¶ 9 The trial court ultimately determines whether an offender satisfies the four criteria of section 18–3–414.5(1)(a) and therefore qualifies for SVP designation. *Allen v. People*, 2013 CO 44, ¶ 12, 307 P.3d 1102, 2013

WL 3323904 (released concurrently). In making this ultimate determination, the trial court relies on both the statute itself, and on the appellate courts' interpretations of the language employed by the General Assembly.[1] *See People v. Terry*, 791 P.2d 374, 376 (Colo.1990) (defining one role of appellate courts by describing the principles guiding statutory interpretation).

¶ 10 In this case, we interpret the relationship criterion of the four-part SVP statute to determine whether the court of appeals properly affirmed the trial court's decision to designate Candelaria as an SVP. We review questions of law involving statutory interpretation de novo. *Grant v. People*, 48 P.3d 543, 546 (Colo.2002). And, "[w]e defer to the trial court's findings of fact if supported by the record." *People v. Hankins*, 201 P.3d 1215, 1218 (Colo.2009) (citation omitted).

¶ 11 To satisfy the relationship criterion of the SVP statute, the trial court must find that the offender's "victim was a stranger to the offender or a person with whom the offender established or promoted a relationship primarily for the purpose of sexual victimization." § 18–3–414.5(1)(a)(III). For the purposes of this case, we need only interpret the phrase "person with whom the offender established or promoted a relationship primarily for the purpose of sexual victimization" because the parties do not assert that Candelaria was a stranger to ML. Specifically, we must determine whether the applicable portion of the relationship criterion of the SVP statute requires the trial court to make a specific intent finding as the court of appeals held in *Stead*, 66 P.3d at 122.

¶ 12 "Our primary task in construing a statute is to give effect to the intent of the General Assembly." *Grant*, 48 P.3d at 546 (quotation omitted). To discern the General Assembly's intent, we look first to the plain language of the relevant portion of the SVP statute, *id.* and give that plain language "its commonly accepted and understood meaning," *Smith v. Exec. Custom Homes*,

---

1. Because the SOMB is not tasked with promulgating definitions for the relationship criterion, we need not defer to the SOMB's definitions in the risk assessment screening instrument. *Allen*, ¶ 9.

*Inc.,* 230 P.3d 1186, 1189 (Colo.2010). "Where the statutory language is clear and unambiguous, we do not resort to legislative history or further rules of statutory construction." *Id.*

¶ 13 In *Stead,* the court of appeals looked "to the face of the statute" to conclude, without analysis, that the relationship criterion requires the trial court to make a "scienter" finding to demonstrate that an offender satisfies the relationship criterion of the SVP statute. 66 P.3d at 121–22. More specifically, the court of appeals held that this "scienter" requirement obligates the trial court to find that an offender "had a specific intent in forming the relationship" with the victim for the purposes of sexual victimization. *Id.* at 122.[2]

¶ 14 We disagree with this interpretation of the relationship criterion of the SVP statute for several reasons. First, the plain language of the relationship criterion does not contain a specific intent requirement. The General Assembly typically employs the terms "intentionally" and "with intent" in criminal statutes that require a specific intent finding. § 18–1–501(5), C.R.S. (2012) (using the terms "intentionally" or "with intent" to describe the mental state for specific intent offenses); *see, e.g.,* § 18–3–102(1)(a), C.R.S. (2012) (providing that first-degree murder, a specific intent crime, requires the defendant to have acted "with the intent to cause the death of a person"). The General Assembly did not include either term in the relationship criterion, nor does the plain language of the remainder of the SVP statute otherwise suggest a legislative intent to require a finding of the offender's specific intent as a precursor to SVP designation. We refuse to judicially legislate by reading a specific intent requirement into the statute to accomplish something the plain language does not suggest, warrant, or mandate.

*Scoggins v. Unigard Ins. Co.,* 869 P.2d 202, 205 (Colo.1994) (citation omitted).

¶ 15 Second, the General Assembly's use of the word "primarily" indicates that it did not intend for a trial court's SVP designation to hinge on a finding that the offender specifically intended to establish or promote the relationship for the purposes of sexual victimization. The word "primarily" means "mainly" or "principally." *Webster's New College Dictionary* 1140 (2005). The open-ended plain meaning of this term does not require that the offender possess a particular mental state.

¶ 16 Reading a specific intent requirement into the relationship criterion would therefore conflict with the General Assembly's use of the word "primarily." A person acts with specific intent "when his conscious objective is to cause the specific result proscribed by the statute." § 18–1–501(5). Thus, to make a specific intent finding, a trial court would have to conclude that the offender's conscious objective was to sexually victimize the person with whom he established or promoted the relationship. Requiring the trial court to make this finding would frustrate the legislature's intent to allow trial courts to designate an offender as an SVP if the offender only "primarily," rather than consciously, established or promoted the relationship for purposes of sexual victimization.

¶ 17 We therefore overrule *Stead* to the extent that it interprets the relationship criterion to include a specific intent requirement. To demonstrate that the offender satisfies the relationship criterion, the trial court need only make "specific findings of fact," § 18–3–414.5(2), related to whether the offender either "established" or "promoted" the relationship with the victim "primarily for the purpose of sexual victimization," § 18–3–414.5(1)(a)(III). Deferring to the trial court's factual findings, we now apply our

---

**2.** This conclusion arose during the court of appeals' application of the "scienter" factor of "the *Mendoza–Martinez* test" delineated by the United States Supreme Court for the purposes of classifying a statutory scheme as "punishment" under *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). *Stead,* 66 P.3d at 121–23 (applying factors described in *Kennedy v. Mendoza–Martinez,* 372 U.S. 144, 83 S.Ct. 554, 9

L.Ed.2d 644 (1963)); *see Allen,* ¶ 7 ("Unlike a criminal sentence, the SVP designation is not punishment."). As a result of its application of the *Mendoza–Martinez* factors, the court of appeals concluded that the internet posting requirement in the SVP statute did not constitute "punishment" under *Apprendi. Stead,* 66 P.3d at 123. We do not address this conclusion.

interpretation of the relationship criterion to this case.

## B. Application

¶ 18 The court of appeals correctly affirmed the trial court's decision to designate Candelaria as an SVP after the trial court complied with section 18–3–414.5(2) by making specific findings of fact supporting its designation. The court of appeals emphasized the trial court's finding that "[i]t was clear the victim in this case just wanted a ride, [Candelaria] took her [up behind Smelter Mountain,] she kept telling him no and he kept persisting," to support the court of appeals' conclusion that Candelaria satisfied the relationship criterion of the SVP statute. *Candelaria,* No. 09CA1350, slip op. at 5.

¶ 19 Our independent review of the record confirms that Candelaria satisfied the relationship criterion of the SVP statute by having "established a relationship" with ML primarily for the purpose of sexual victimization. § 18–3–414.5(1)(a)(III). An offender "established a relationship" in accordance with the SVP statute if he "created, started, or began the relationship" primarily for the purpose of sexual victimization. *Gallegos,* ¶ 12 (holding that an offender "established a relationship" under the relationship criterion of the SVP statute where "he created, started, or began a relationship primarily for the purpose of sexual victimization"). The trial court found that Candelaria established the relationship by asking ML on a date, taking her out for dinner and for a number of drinks, and asking if she wanted a ride to her car. Candelaria's actions "created, started, or began the relationship" with ML primarily for the purpose of sexual victimization because, after ML accepted Candelaria's offer to drive her to her car at the end of their date, Candelaria drove ML to a secluded location and sexually assaulted her.

¶ 20 Pursuant to our holding in this case, the trial court had no obligation to find that Candelaria specifically intended to establish or promote the relationship with ML for the purposes of sexual victimization. Thus, although the trial court did not find specific intent, we agree with the court of appeals that the trial court's factual findings based on the record support the determination that Candelaria satisfied the relationship criterion of the SVP statute. Thus, we affirm the judgment of the court of appeals.

## III. Conclusion

¶ 21 We hold that a trial court need not specifically find that an offender specifically intended to establish or promote a relationship with the victim for purposes of sexual victimization in order to satisfy the relationship criterion of the SVP statute because the plain language of the relationship criterion does not demand such a finding. Accordingly, we overrule the court of appeals' opinion in *Stead* to the extent that it conflicts with this opinion, and affirm the judgment of the court of appeals.

JUSTICE COATS concurs in the judgment.

JUSTICE MÁRQUEZ concurs in part and concurs in the judgment.

JUSTICE COATS, concurring in the judgment.

¶ 22 While I have indicated my disagreement with the majority's interpretation of the "established or promoted" language of section 18–3–414.5(1)(a)(III), C.R.S. (2012), in my separate opinion in *Allen v. People,* 2013 CO 44, 307 P.3d 1102, I agree that subparagraph (III) in no way includes a criminal scienter requirement, and to the extent the court of appeals implied as much in *People v. Stead,* 66 P.3d 117 (Colo.App.2002), that implication should be rejected. Although on slightly different grounds from those articulated by the court of appeals, I too would affirm its conclusion of record support for the sentencing court's finding that the defendant established and promoted a relationship with the victim primarily for the purpose of sexual victimization.

¶ 23 I therefore concur in the judgment of the court.

JUSTICE MÁRQUEZ, concurring in part and concurring in the judgment.

¶ 24 To the extent that the majority relies here on its decision in *Allen v. People,* 2013 CO 44, 307 P.3d 1102, I write separately to

note my disagreement with that opinion. Maj. op. 1204 & n.1; *Allen,* ¶¶ 33–39 (Márquez, J., concurring in the judgment). Nonetheless, I concur in the remainder of the opinion and in the judgment today because I agree with the majority that section 18–3–414.5(1)(a)(III) has no specific intent requirement. Maj. op. 1205.