**PEOPLE of the State of Colorado, Plaintiff–Appellee,**

v.

**Seth D. LEE, Defendant–Appellant.**

No. 98CA1156.

Colorado Court of Appeals, Div. II.

Aug. 31, 2000.

As Modified on Denial of Rehearing Dec. 21, 2000.

Certiorari Denied Sept. 4, 2001.

Ken Salazar, Attorney General, John J. Fuerst, III, Assistant Attorney General, Denver, Colorado, for Plaintiff–Appellee.

David S. Kaplan, Colorado State Public Defender, Pamela A. Dayton, Deputy State Public Defender, Denver, Colorado, for Defendant–Appellant.

Opinion by Judge PLANK.

Defendant, Seth Lee, appeals a judgment of conviction entered upon a jury verdict finding him guilty of second degree murder. We affirm.

Defendant and the victim knew each other well. In particular, defendant sold drugs for the victim, who was an acknowledged local drug dealer. Their relationship subsequently deteriorated, in part because defendant spent a night with the victim's ex-girlfriend.

In an attempt to resolve their differences, defendant invited the victim to his apartment. A neighbor heard loud noises suggestive of a fight, and the evidence at trial suggests that the victim sustained serious and incapacitating injuries prior to his death. During the fight, the victim was shot in the neck and killed. Prosecution of defendant for that death resulted in the conviction here at issue.

## I.

Defendant contends that structural or plain error occurred in the instructions given to the jury. We disagree.

## A.

Defendant first argues that the instruction on second degree murder was structurally defective because it omitted any mention of the mitigating factor of "sudden heat of passion." We are not persuaded.

Pursuant to § 18–3–103(3), C.R.S.1999, second degree murder is a class 2 felony except, as pertinent here, it is a class 3 felony when:

> the act causing the death was performed upon a sudden heat of passion, caused by a serious and highly provoking act of the intended victim, affecting the defendant sufficiently to excite an irresistible passion in a reasonable person. . . .

The omission of an essential element of a charged offense constitutes structural error. *People v. Vance,* 933 P.2d 576 (Colo.1997); *but see People v. Geisendorfer,* 991 P.2d 308 (Colo.App.1999) (concluding that U.S. Supreme Court's decision in *Neder v. United States,* 527 U.S. 1, 119 S.Ct. 1827, 144 L.Ed.2d 35 (1999) does not require this result). However, the prosecution argues, defendant concedes, and we agree, that the quoted provision is a sentence-mitigating factor and does not prescribe an element of the offense of second degree murder. *See Rowe v. People,* 856 P.2d 486 (Colo.1993) (construing nearly identical language in § 18–3–202, C.R.S.1999, the first degree assault statute).

Defendant nevertheless argues that the jury must be instructed that the prosecution bears the burden of disproving heat of passion upon provocation in every case and that, therefore, to omit this sentence-mitigating factor from the instructions constitutes structural error.

However, only those errors that pervasively prejudice the entire course of the proceedings, making harmless error analysis impossible and rendering the verdict in essence no verdict at all, are structural defects that mandate reversal. *Sullivan v. Louisiana,* 508 U.S. 275, 113 S.Ct. 2078, 124 L.Ed.2d 182 (1993); *People v. Collie,* 995 P.2d 765 (Colo.App.1999).

Only a relatively few extraordinarily serious errors have been held to be such struc-

tural defects, including the complete deprivation of the right to counsel, *Gideon v. Wainwright,* 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963), trial before a biased judge, *Tumey v. Ohio,* 273 U.S. 510, 47 S.Ct. 437, 71 L.Ed. 749 (1927), and jury instructions that usurp the jury's role of determining guilt on any material element of the offense. *People v. Vance, supra.*

We are not persuaded that the omission of a sentence-mitigating circumstance from the jury instructions is so pervasively prejudicial as to constitute structural error.

### B.

■ In the alternative, defendant also argues that the omission of the sentence-mitigating factor from the instructions and the failure of the trial court to give the jury a special interrogatory as to sudden heat of passion constitute plain error. He concedes that he did not ask for such an instruction. Under the circumstances presented, we are not persuaded by this argument.

■ The jury need be instructed as to an affirmative defense or a sentence-mitigating factor only if some evidence presented at trial supports it and the defendant requests it. When those conditions are met, the proper method of instructing the jury as to the sentence-mitigating factor of sudden heat of passion in a second degree murder charge is a special interrogatory based upon the pattern instruction in *COLJI–Crim.* No. 10:20 (1983). *See Rowe v. People, supra* (construing similar first degree assault statute); *People v. Garcia,* 1 P.3d 214 (Colo.App.1999)(construing whether heat of passion is an element or a mitigating factor in the second degree murder statute) (cert. granted May 22, 2000).

Defendant relies upon *People v. Garcia, supra,* for the proposition that an instruction on sudden heat of passion must be given by the trial court *sua sponte* whenever the evidence would support such a finding by the jury, and that it was plain error for the trial court to have failed to do so. However, that reliance is misplaced.

In *Garcia,* a division of this court held that plain error occurred when the instructions given to the jury incorrectly characterized second degree murder upon provocation as a separate, lesser-included offense of first degree murder and second degree murder, and then impermissibly assigned to the prosecution the burden of proving the existence of provocation as an element of that non-existent offense. However, the division in *Garcia* did not hold or even suggest that it would be plain error not to give a proper special interrogatory, as discussed above, when, as here, the evidence might support a finding of sudden heat of passion, but the defendant does not request it.

Hence, because defendant here did not request an instruction or a special interrogatory on sudden heat of passion, we conclude that no error, and thus, no plain error occurred when the trial court did not *sua sponte* instruct the jury on that theory of the defense.

### II.

■ Defendant next contends that his theory of the case was not adequately represented in the instructions to the jury. We disagree.

Defendant objected to the court's revised version of his tendered instruction on the grounds that it was generic and inadequate, failed to incorporate his fact-specific version of events in the apartment constituting his "theory of defense," and failed to present properly his theory that the shooting was an accident.

■ The trial court must give the jury an instruction encompassing the defendant's theory of defense if there is any evidence in the record to support it and the defendant requests it. *People v. Nunez,* 841 P.2d 261 (Colo.1992). However, the trial court need not give the defendant's tendered instruction if it is argumentative, contains errors of law, merely reiterates portions of the evidence, or is encompassed within the other instructions.

■ The trial court has substantial discretion in the drafting of a theory of defense instruction. *People v. Davis,* 935 P.2d 79 (Colo.App.1996). And, if the trial court rejects the defendant's tendered instruction, it

has an affirmative duty to produce a proper instruction that adequately incorporates the defendant's theory. *People v. Nunez, supra.*

Here, after reviewing the tendered instruction, we conclude that the court properly rejected defendant's theory of defense instruction on the grounds that it was largely argumentative, did little more than summarize defendant's version of the incident, and was encompassed within the other instructions. Defendant concedes that the revised instruction adequately included the substance of his self-defense theory as set forth in the tendered instruction, but asserts that it failed to include his theory that the shooting was accidental.

Our review of defendant's tendered instruction reveals nothing that could be read as asserting that the shooting was accidental. However, defendant objected to the revised instruction on the basis that it failed to set forth his "hybrid" theory of defense, incorporating both self-defense and accident.

Because the evidence presented supports each theory to some extent, the trial court had an affirmative duty to instruct the jury on both aspects of the defense. However, we conclude that the jury was adequately instructed that defendant could not be convicted of the charged offense if the shooting were accidental.

The instruction on the elements of second degree murder, as pertinent here, stated that the prosecution must prove that defendant "knowingly ... caused the death of another person." In addition, the jury was instructed that:

> A crime is committed when the defendant has committed a voluntary act prohibited by law accompanied by a culpable mental state. Voluntary act means an act performed consciously as a result of effort or determination. Culpable mental state means knowingly....
>
> A person acts 'knowingly' with respect to a result of his conduct when he is aware that his conduct is practically certain to cause the result.

We conclude that the instructions adequately informed the jury that, to support a conviction for second degree murder, defen-

dant's conduct causing the death of the victim could not have been unintended or accidental. The trial court need not include in the defendant's theory of the case instruction matters that are adequately addressed by other instructions. *See People v. Davis, supra.* Furthermore, defendant thoroughly presented his accidental shooting theory in his closing argument to the jury. *See People v. Dore,* 997 P.2d 1214 (Colo.App.1999).

Accordingly, we perceive no error in the trial court's revised theory of the case instruction.

## III.

Finally, defendant argues that the trial court erred by dismissing a juror who had been the victim of juror intimidation. We disagree.

Near court one morning, during the trial, a car pulled up beside a juror, and a passenger in that car stated, "Seth Lee goes down." Concerned, the juror reported the incident to the court.

Although the court determined that the incident did not alter the juror's objectivity or affect his impartiality, the juror was nevertheless the sole witness for the ensuing police investigation. The court determined that the juror's prompt testimony was critical and might involve him in discussions relating to the case that would be inappropriate for an empaneled juror.

The defense maintains that the court did not have the authority to dismiss an unbiased juror over the defense's objection. However, alternate jurors are selected for just such contingencies, to "replace jurors who, prior to the time the jury retires to consider its verdict, become unable or disqualified to perform their duties." Section 16–10–105, C.R.S.1999.

Because the trial court is in the best position to evaluate whether a juror is unable to serve, its decision to excuse a juror will not be disturbed unless there has been a gross abuse of discretion. *People v. Abbott,* 690 P.2d 1263 (Colo.1984). A trial court's ruling amounts to an abuse of discretion in this context only if it is manifestly arbitrary,

unreasonable, or unfair. *Jurgevich v. District Court,* 907 P.2d 565 (Colo.1995).

Here, the court gave valid reasons for its dismissal of the juror, and we conclude that the decision was not arbitrary, unreasonable, or unfair, nor has defendant asserted that he was in any way prejudiced by the juror's dismissal when an alternate was available.

The judgment is affirmed.

Judge TAUBMAN and Judge NIETO concur.