2014 COA 158

**The PEOPLE of the State of Colorado, Plaintiff–Appellee,**

v.

**German Jasso BRUNO, Defendant–Appellant.**

**Court of Appeals No. 13CA0548**

Colorado Court of Appeals, Div. V.

Announced November 20, 2014

Grand County District Court No. 11CR113, Honorable Mary C. Hoak, Judge.

John W. Suthers, Attorney General, Kevin E. McReynolds, Assistant Attorney General, Denver, Colorado, for Plaintiff–Appellee.

GarciaLaw, LLC, J. Alberto Garcia, Broomfield, Colorado, for Defendant–Appellant.

Opinion by JUDGE BOORAS

¶1 Defendant, German Jasso Bruno, appeals the judgment of conviction and sentence entered upon jury verdicts finding him guilty of theft, criminal trespass, and offering a false instrument for recording. We affirm.

## I. Background

¶2 This case stems from Bruno's alleged attempt to adversely possess a home in Fraser, Colorado. At all relevant times, the home was privately owned by another party, but was unoccupied and in foreclosure. On October 6, 2011, Bruno filed an Affidavit of Adverse Possession with the Grand County Clerk and Recorder's Office (clerk's office), which stated that he and his wife had been living in the home since July 22, 2011.[1] After confirming that Bruno did not own or have permission to be in the home, on October 26, 2011, an officer with the Fraser/Winter Park Police Department gave him one week to remove his belongings from the home and reinstall the original locks. After refusing to remove his family's belongings, on November 4, 2011, Bruno recorded several additional documents with the clerk's office, including (1) a document purporting to grant Alfonso Carrillo[2] limited power of attorney over actions related to the home and (2) a lien statement for $40,648.00 in unpaid maintenance, cleaning, and repairs done on the home.

¶3 Bruno was arrested and charged with theft, trespassing, and two counts of offering a false instrument for recording.[3] Bruno unsuccessfully moved to dismiss the charges of theft and offering a false instrument by arguing that he was acting lawfully under the adverse possession and power of attorney statutes. Bruno's attorney clarified that the motion to dismiss did not challenge the criminal trespass charge. At trial, Bruno also attempted to present a defense of adverse possession, arguing that he did not have the intent to commit the crimes charged, and instead intended to adversely possess the home.

¶4 The district court, however, ruled that a defense of adverse possession would not be allowed. Having ruled that adverse possession was inapplicable, the court ruled that testimony from Ronald Atwater, Bruno's expert witness on adverse possession law in Colorado, would not be allowed because it would be irrelevant and confusing to the jury. The district court also modified Bruno's proposed theory of defense instruction, removing reference to the adverse possession defense on the basis that it was argumenta-

---

1. Bruno's wife, Laura Gutierrez–Vite, was charged and convicted of attempted theft and two counts of first degree offering a false instrument for recording. The decision in her appeal was also announced today in *People v. Gutierrez–Vite*, 2014 COA 159, — P.3d ——.

2. Bruno stated that Carrillo, a "consultant," gave him the idea to take possession of the home and file the Affidavit of Adverse Possession.

3. The two counts of offering a false instrument for recording were based on the Affidavit of Adverse Possession and the Power of Attorney.

tive and repetitive. The jury found Bruno guilty on all four counts and the court sentenced him to two years of probation.

## II. Rejection of Adverse Possession Defense

¶ 5 Bruno argues that the district court erred in preventing him from raising the defense of adverse possession to the counts of theft and offering a false instrument. We disagree.

### A. Preservation and Standard of Review

¶ 6 The parties agree that this issue was preserved in the district court. Whether a defendant can present an adverse possession defense is a question of law that we review de novo. *Cf. People v. Garcia,* 113 P.3d 775, 784 (Colo.2005) (to present an affirmative defense, "some credible evidence" must be presented, and whether defendant has met this burden is a question of law). We also review questions of statutory construction and interpretation de novo. *Trujillo v. Colo. Div. of Ins.,* 2014 CO 17, ¶ 12, 320 P.3d 1208; *Smith v. Colo. Motor Vehicle Dealer Bd.,* 200 P.3d 1115, 1116 (Colo.App. 2008).

### B. Law and Application

¶ 7 Our primary objective when construing a statute is to effectuate the intent of the General Assembly. *S. Fork Water & Sanitation Dist. v. Town of S. Fork,* 252 P.3d 465, 468 (Colo.2011). If the language is clear, we should interpret the statute according to its plain and ordinary meaning. *Specialty Rests. Corp. v. Nelson,* 231 P.3d 393, 397 (Colo.2010).

¶ 8 "The General Assembly is vested with constitutional authority not only to define criminal conduct and to establish the legal components of criminal liability but, as well, to delineate statutory defenses and bars to criminal prosecution." *Lybarger v. People,* 807 P.2d 570, 580 (Colo.1991) (internal quotation marks omitted). Thus, to determine whether a defense exists, "we first look

to the criminal code." *O'Shaughnessy v. People,* 2012 CO 9, ¶ 11, 269 P.3d 1233. The applicable criminal statutes do not recognize a defense of adverse possession to the crimes of theft or offering a false instrument for recording. Consequently, we must next look to the adverse possession statute.

¶ 9 First, we note that Bruno did not contend that he had completed the required adverse possession period of eighteen years. Instead, he asserted that his attempt to adversely possess the property was authorized by the existence of the adverse possession statute. However, nothing in the statute suggests that the General Assembly intended to create an attempted adverse possession defense to any of the applicable crimes, and particularly so in the context of Bruno's intentional efforts. *See* § 38–41–101, C.R.S. 2014. Moreover, changes to the adverse possession statute in 2008 demonstrate that the General Assembly intended to eliminate the potential for such intentional or bad faith adverse possession claims. *See* Act Concerning the Sufficiency of the Assertion of a Claim for Title to Real Property by Adverse Possession Under Colorado Law, H.B. 08–1148, 66th Gen. Assemb., 2d Reg. Sess. (2008).[4]

¶ 10 The elements, developed through precedent, require that, "the party's possession of the disputed property [be] actual, adverse, hostile, under a claim of right, exclusive, and uninterrupted for at least the statutory period of eighteen years." *Hunter v. Mansell,* 240 P.3d 469, 474 (Colo.App.2010) (citing § 38–41–101). The 2008 statutory changes included a heightened burden of proof whereby "each" element must be proved by clear and convincing evidence, and the addition of the requirement that the claimant have a reasonable, good faith belief that the claimant is the "actual owner." *See id.;* § 38–41–101(3)(a), (3)(b)(2).

¶ 11 Specifically, the statute requires that a claimant have a "good faith belief that ... [he] was the actual owner of the property[,] and the belief [must be] reasonable under the circumstances." § 38–41–101(3)(b)(II). By

---

4. The changes were enacted following the decision in *McLean v. DK Trust,* where two intentional adverse possessors successfully obtained title

to a part of their neighbor's land. *McLean v. DK Trust,* slip op. at 1 (Dist. Ct. Colo. No. 06 CV 982, Oct. 17, 2007).

adding the good faith requirement, the General Assembly made clear that it did not sanction the acquisition of property simply through trespass. As far as we can tell, Bruno never argued that he acted in good faith, and, in fact, he repeatedly acknowledged that he knew the property belonged to someone else and admitted to researching homes in the area that might be acquired through adverse possession.

¶ 12 Additionally, as Bruno contends, the statute allows for records in the clerk's office to serve as prima facie evidence of adverse possession, but only if they "show by conveyance or other instrument that the party in possession ..., through descent, conveyance, or otherwise, [has] *asserted* a continuous claim of ownership to the real property adverse to the record owner thereof *for a period of eighteen years....*" § 38–41–103, C.R.S.2014 (emphasis added). Thus, the statute appears to apply only to records that show a completed statutory period, and not records demonstrating an attempt to begin such a period.

¶ 13 Because the General Assembly did not provide and did not intend to create an adverse possession defense in the circumstances presented here, we conclude that there is no defense of adverse possession to the crimes charged. *See Oram v. People,* 255 P.3d 1032, 1036 (Colo.2011).

¶ 14 To the extent that Bruno's adverse possession defense is actually a mistake of law defense in that he argues that he did not have the requisite criminal intent and instead intended to comply with the statute, this argument also fails. Specifically, Bruno argues that he was allowed to attempt to adversely possess the home, under section 38–41–101, by living in the home and filing supporting documents, and that he was also allowed to appoint an agent by power of attorney under section 15–14–701, C.R.S. 2014, to defend his actions regarding the adverse possession. This would be a mistake of law. § 18–1–504(2), C.R.S.2014.

¶ 15 "A mistake of law defense relates to the mistaken belief that conduct does not, as a matter of law, constitute a criminal offense." *People v. Lesslie,* 24 P.3d 22, 25 (Colo.App.2000). Such a mistaken belief, however, is not a defense unless the conduct falls into one of several exceptions, including that the conduct is permitted by statute or an official written interpretation of the law relating to the offense. *Id.*; § 18–1–504(2)(a), (2)(c). Because the court properly determined that Bruno's actions were not permitted under the adverse possession statute, his mistaken belief does not relieve him of criminal liability, and we find no error.

### III. Modification of Theory of Defense Instruction

¶ 16 Bruno argues that the district court erred by refusing to submit to the jury his entire tendered theory of defense instruction. We disagree.

### A. Preservation and Standard of Review

¶ 17 Bruno preserved this issue in the district court by objecting to the court's refusal to use his full tendered instruction. Whether additional written jury instructions must be given which properly state the law and fairly and adequately cover issues presented is a matter within the district court's sound discretion. *People v. Renfro,* 117 P.3d 43, 48 (Colo.App.2004). Where the trial court rejects a defendant's tendered instructions, the harmless error standard applies. *Brown v. People,* 239 P.3d 764, 767 (Colo.2010). We find no error.

### B. Law and Application

¶ 18 A defendant is entitled to a jury instruction encompassing his theory of the case so long as evidence in the record supports the instruction. *People v. Harte,* 131 P.3d 1180, 1186 (Colo.App. 2005). The district court has substantial discretion in the drafting of a theory of defense instruction. *People v. Lee,* 30 P.3d 686, 689 (Colo.App. 2000).

¶ 19 The district court may refuse to give an instruction that is "argumentative, contains errors of law, merely reiterates portions of the evidence, or is encompassed within the other instructions." *Id.* A theory of defense instruction must be general and brief, and must explain the evi-

dence and its legal effect. *Harte*, 131 P.3d at 1186. A district court does not reversibly err in declining to give a theory of defense instruction if the instructions as a whole and the argument of counsel adequately convey a defendant's theory to the jury. *People v. Wartena*, 2012 COA 12, ¶ 31, 296 P.3d 136; *People v. Dore*, 997 P.2d 1214, 1222 (Colo.App.1999). A district court has an affirmative obligation to cooperate with counsel either to correct the tendered theory of defense instruction or to incorporate the substance of such an instruction into an instruction drafted by the court. *People v. Nunez*, 841 P.2d 261, 265 (Colo. 1992).

 ¶ 20 Here, Bruno's counsel tendered the following theory of defense instruction:

[Bruno] did not have the criminal intent to commit any of the crimes he is accused of. [Bruno] did not have the criminal intent to commit the crime of filing a false instrument, Affidavit of Adverse Possession, his intent was to comply with Colorado Revised Statute § 3841–103, Evidence of Adverse Possession. [Bruno] did not have the criminal intent to commit the crime of filing a false instrument, Limited Power of Attorney, his intent was to comply with Colorado Revised Statute § 15–14600.3, Legislative Declaration-limited power of attorney. [Bruno] was not defrauding anyone in filing these documents with the clerk and recorder. [Bruno] was making a public record. [Bruno] did not have the criminal intent to commit the crime of trespass or theft, he intended to comply with law in Colorado Revised Statute § 38–41–101, Limitation of Eighteen Years–Colorado's Adverse Possession Law. [Bruno] had no criminal intent to steal a house. [Bruno] had no criminal intent to trespass in the dwelling of another. No one was dwelling in the house and it had been abandoned since 2008.

The prosecutor objected to the instruction, and the court agreed that the instruction was argumentative and repetitive. As an alternative, the district court offered: "It is the defendant's theory of the case that [Bruno] did not have the criminal intent to commit any of the crimes of which he is accused."

After the district court encouraged Bruno's counsel to present his own alternative, counsel accepted, but objected to, the instruction offered by the court.

¶ 21 The district court correctly determined that the tendered instruction was argumentative and repetitive and attempted to work with Bruno's counsel to draft another. *See Lee*, 30 P.3d at 690; *cf. People v. Weiss*, 717 P.2d 511, 512 (Colo.App.1985) (finding reversible error where the court gave no explanation for and failed to work with counsel after rejecting the defendant's instruction). Furthermore, the court-drafted instruction accurately described Bruno's theory of defense. *See Harte*, 131 P.3d at 1187. Because the district court properly rejected the adverse possession defense, the defense instruction needed no reference to it. Accordingly, we find no error.

### IV. Exclusion of Expert Witness Testimony

 ¶ 22 Bruno argues that the district court erred in its decision to deny, as irrelevant, the introduction of expert witness testimony by attorney, Ronald Atwater, on the subject of Colorado's adverse possession laws. Bruno further argues that this denial implicated his rights to a fair trial and to present a defense. We disagree.

 ¶ 23 The parties agree that this issue was preserved below. District courts have considerable discretion over the admissibility of evidence, including expert testimony, "and the exercise of that discretion will not be overturned unless manifestly erroneous." *People v. Ramirez*, 155 P.3d 371, 380 (Colo. 2007); *accord People v. Rath*, 44 P.3d 1033, 1043 (Colo.2002). A ruling that erroneously excludes evidence is not reversible unless a substantial right of the party is affected. CRE 103(a); *see also* C.A.R. 35(e); Crim. P. 52.

¶ 24 Only relevant evidence is admissible. CRE 402. Relevant evidence is "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." CRE 401. A district court may

exclude even relevant evidence "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury...." CRE 403.

¶ 25 Bruno's counsel stated that Atwater's testimony would include not only a reading of the adverse possession statutes, but also a discussion of the background and common law of adverse possession, as well as Atwater's "opinion concerning the ultimate issues of [the] case." Because the court properly rejected Bruno's adverse possession defense, Atwater's proposed testimony was not relevant and would likely have confused the jury. Thus, the trial court did not abuse its discretion by excluding it. *See People v. Gillis*, 883 P.2d 554, 560 (Colo.App.1994).

## V. Conclusion

¶ 26 The judgment is affirmed.

JUDGE GRAHAM and JUDGE MÁRQUEZ * concur.