The summaries of the Colorado Court of Appeals published opinions
constitute no part of the opinion of the division but have been prepared by
the division for the convenience of the reader. The summaries may not be
cited or relied upon as they are not the official language of the division.
Any discrepancy between the language in the summary and in the opinion
should be resolved in favor of the language in the opinion.

SUMMARY
October 17, 2019

## 2019COA155

**No. 17CA0356, *People v. Quezada-Caro* — *People v. Quezada-Caro* — Crimes — DUI — Prior Convictions; Regulation of Vehicles and Traffic — Alcohol and Drug Offenses — Penalties for Traffic Offenses Involving Alcohol and Drugs — Third and Subsequent Offenses; Constitutional Law — Colorado Constitution — Equal Protection**

In this felony DUI case, a division of the court of appeals agrees with the holding in *People v. Gwinn*, 2018 COA 130, that a defendant is not entitled to have a jury determine beyond a reasonable doubt the existence of the prior DUI convictions used to enhance his or her sentence from a misdemeanor to a felony. The division concludes that, based on the plain language of section 42-4-1301(1)(a), C.R.S. 2019, proof of prior DUI convictions is a sentence enhancer rather than an element of a felony DUI offense.

Further, as a matter of first impression, the division rejects the defendant's contention that, if prior convictions are considered a

sentence enhancer, section 42-4-1301(1)(a) violates his right to equal protection because it proscribes the same conduct as section 42-4-1307(6), C.R.S. 2019, but exposes him to substantially greater penalties. The division concludes that the statutes do not violate the defendant's right to equal protection because they proscribe different conduct for which the legislature may impose different penalties.

The division also finds that, although district courts have an obligation to either correct a theory of defense instruction or incorporate the substance of a theory of defense instruction into the other jury instructions, that obligation only extends to tendered theory of defense instructions. Because the defendant did not tender an instruction that set forth a theory of defense, the district court was not required to draft one on counsel's behalf.

Accordingly, the division affirms the judgment of the district court.

COLORADO COURT OF APPEALS                                    2019COA155

Court of Appeals No. 17CA0356
Arapahoe County District Court No. 15CR3137
Honorable Phillip L. Douglass, Judge

The People of the State of Colorado,

Plaintiff-Appellee,

v.

Dolores Quezada-Caro,

Defendant-Appellant.

JUDGMENT AFFIRMED

Division II
Opinion by JUDGE BROWN
Dailey and Richman, JJ., concur

Announced October 17, 2019

Philip J. Weiser, Attorney General, Elizabeth Ford Milani, Assistant Attorney General, Denver, Colorado, for Plaintiff-Appellee

Megan A. Ring, Colorado State Public Defender, Brian Cox, Deputy State Public Defender, Denver, Colorado, for Defendant-Appellant

¶ 1     Defendant, Dolores Quezada-Caro, appeals his judgment of conviction for felony driving under the influence (DUI).  Among other things, he contends he was entitled to have a jury determine beyond a reasonable doubt whether he had prior convictions for impaired-driving offenses.  If section 42-4-1301(1)(a), C.R.S. 2019, is interpreted otherwise, he argues, it violates his right to equal protection because it proscribes the same conduct as section 42-4-1307(6), C.R.S. 2019, but carries harsher penalties.

¶ 2     Consistent with other divisions of this court, we conclude that the felony DUI statute does not require prior convictions to be proved to the jury beyond a reasonable doubt.  And we reject Quezada-Caro's contention that section 42-4-1301(1)(a) violates his right to equal protection.  Because Quezada-Caro's remaining contentions also fail, we affirm.

## I.     Background

¶ 3     An officer with the Glendale Police Department was on patrol at around 2:35 a.m. when he noticed a pickup truck parked in a lane of traffic with its engine running and the lights on.  When the officer approached the truck, he found Quezada-Caro asleep in the driver's seat with vomit on his shirt and drool leaking from his

1

mouth. After several attempts, the officer was able to wake and speak with Quezada-Caro.

¶ 4    The officer testified that, during the encounter, Quezada-Caro's eyes were bloodshot and watery, he had difficulty standing and walking, and he smelled strongly of alcohol. Quezada-Caro told the officer that he had been at a bar about 1.6 miles away and had consumed three or four beers. Later, during the same conversation, he admitted he actually had eight or more drinks that evening. The officer arrested him.

¶ 5    At the police station, Quezada-Caro consented to a blood draw, which showed his blood alcohol level was 0.207. Quezada-Caro told the officer approximately fifty times that he did not care if he had been driving drunk and that it was "no big deal." The prosecution charged Quezada-Caro with, as pertinent here, felony DUI and DUI per se.

¶ 6    Prior to trial, Quezada-Caro moved for a ruling that prior impaired-driving convictions are an element of a felony DUI charge that must be proved to a jury beyond a reasonable doubt. The district court disagreed, concluding that prior convictions are a sentence enhancer, which it would determine after trial.

2

¶ 7      A jury convicted Quezada-Caro of both counts. At a separate hearing, the district court found, beyond a reasonable doubt, that Quezada-Caro had three prior Colorado DUI convictions and at least two prior California DUI convictions. The district court sentenced Quezada-Caro to six years in the custody of the Department of Corrections, suspended upon the successful completion of fifteen years of probation. Quezada-Caro now appeals his felony DUI conviction.

## II.    Analysis

¶ 8      Quezada-Caro contends that (1) he was entitled to have a jury determine beyond a reasonable doubt whether he had prior convictions for impaired-driving offenses and (2) the district court erred by failing to modify his tendered definitional instruction into a theory of the case instruction. We disagree.

### A.    Prior DUI Convictions

¶ 9      Quezada-Caro contends the district court erred by treating his prior impaired-driving convictions as a sentence enhancer rather than as an element of the offense that had to be proved to the jury beyond a reasonable doubt. Specifically, Quezada-Caro argues that (1) the legislature intended proof of prior impaired-driving

convictions to be a substantive element of a felony DUI offense; (2) we should not apply the prior conviction exception to the general rule that any fact increasing a penalty beyond the statutory maximum must be submitted to a jury and proved beyond a reasonable doubt; and (3) treating prior convictions as a sentence enhancer rather than an element of the offense violates his right to equal protection.  We reject each contention.

1.     Prior Convictions Are a Sentence Enhancer for a DUI Offense

¶ 10     Whether a statutory provision is a sentence enhancer or a substantive element of an offense is a question of law that we review de novo.  *Lopez v. People,* 113 P.3d 713, 720 (Colo. 2005); *People v. Gwinn,* 2018 COA 130, ¶ 20.  We interpret the plain language of a statute to give full effect to the intent of the General Assembly. *People v. Griego,* 2018 CO 5, ¶ 25.  When the statutory language is clear, we apply the plain and ordinary meaning of the provision.  *Id.* In doing so, we give consistent, harmonious, and sensible effect to each part of the statute, and we render no words or phrases superfluous.  *Id.*

¶ 11     "A statutory provision is a sentence enhancer when the defendant may be convicted of the underlying offense without any

4

proof of the prior conviction." *Gwinn*, ¶ 44; *see People v. Schreiber*, 226 P.3d 1221, 1223 (Colo. App. 2009); *People v. Whitley*, 998 P.2d 31, 33 (Colo. App. 1999). In contrast, elements of a crime are the "the legal components that are necessary to establish criminal liability." *People v. Hopkins*, 2013 COA 74, ¶ 8. Thus, a fact is a sentence enhancer rather than a substantive element of an offense if (1) a defendant may be convicted of the underlying offense without any proof of the fact and (2) the fact merely increases the defendant's potential punishment. *People v. Becker*, 2014 COA 36, ¶ 11.

¶ 12    The felony DUI statute, section 42-4-1301(1)(a), provides that "[a] person who drives a motor vehicle . . . under the influence of alcohol . . . commits driving under the influence." These are the only elements that must be proved to convict a defendant of DUI. *See Gwinn*, ¶ 49.

¶ 13    The statute continues:

> Driving under the influence is a misdemeanor, but it is a class 4 felony if the violation occurred after three or more prior convictions, arising out of separate and distinct criminal episodes, for DUI, DUI per se, or [driving while ability impaired (DWAI)]; vehicular homicide . . . ; vehicular assault . . . ; or any combination thereof.

§ 42-4-1301(1)(a).  Thus, as the division in *Gwinn* explained, a defendant may be convicted of DUI without any proof of prior convictions, and proof of prior convictions only increases the potential punishment.  *See Gwinn*, ¶¶ 44-49.  Accordingly, the statute unambiguously demonstrates that "the General Assembly intended prior DUI convictions to constitute a sentence enhancer rather than an element of DUI."  *Id.* at ¶ 49.  We see no reason to depart from this well-reasoned opinion.

¶ 14    Nevertheless, Quezada-Caro urges us to reject the division's holding in *Gwinn*, arguing that the statutory structure reveals that the General Assembly intended prior convictions to be an element of felony DUI rather than a sentence enhancer.  We are not persuaded.

¶ 15    First, Quezada-Caro contends that, by referencing prior convictions in the same subsection as the elemental definition of the crime, the General Assembly intended prior convictions to be an element of the offense.  *See* § 42-4-1301(1)(a).  But the structure of the statute does not change its plain language.  And we know of no authority or rule of statutory construction that would require a

6

sentence enhancer to be set off from the elements of an offense in a separate subsection.

¶ 16    Although the elements of DUI and the prior conviction sentence enhancer appear in the same statutory subsection, the prior conviction language is in a separate sentence that follows the substantive definition of the crime. *See* § 42-4-1301(1)(a). This construction reflects a legislative intent to treat prior convictions separately from the substantive elements or definition of the offense. *See Hopkins*, ¶ 20 (rejecting argument that placing a prior conviction provision in the same statutory subsection as an element reflects legislative intent to treat a prior conviction as an element).

¶ 17    If the General Assembly intended to make prior convictions an element of felony DUI, it could have done so. *See Vensor v. People*, 151 P.3d 1274, 1275 (Colo. 2007) ("[I]t is the prerogative of the legislature to define crimes and prescribe punishments."). Indeed, the possession of a weapon by a prior offender (POWPO) statute is one example of the General Assembly expressing in plain language its intent that a prior conviction be an element of the offense. *See* § 18-12-108(1), C.R.S. 2019.

¶ 18 Based on the plain language of the POWPO statute, a defendant cannot be convicted of POWPO without proof of a prior felony conviction. *See id.* ("A person commits the crime of possession of a weapon by a previous offender if the person knowingly possesses, uses, or carries upon his or her person a firearm . . . *subsequent to the person's conviction for a felony* . . . .") (emphasis added). The prior conviction requirement is included in the definition and is an element of the POWPO offense. *People v. Dist. Court*, 953 P.2d 184, 189 (Colo. 1998) (stating that a prior felony conviction is an element of POWPO offense).

¶ 19 In contrast, as explained above, a defendant may be convicted of DUI without proof of a prior conviction. The prior conviction requirement is not included in the definition and is not an element of felony DUI. Therefore, contrary to Quezada-Caro's contention, the felony DUI statute is unlike the POWPO statute.

¶ 20 Second, Quezada-Caro contends that by referencing prior convictions in the same section as the elements of DUI, rather than in the separate DUI sentencing section, the General Assembly intended that prior convictions be considered an element of the offense. *See* § 42-4-1301(1)(a) (elements and prior convictions

sentence enhancer); *see also* §§ 18-1.3-401, 42-4-1307(6.5) (presumptive penalties for felonies and penalties for felony DUI, respectively). But, again, the structure of the statute does not change its plain language. And, in other statutory schemes, the General Assembly similarly placed a prior conviction sentence enhancer in the same section as the elements of the offense, rather than in a separate sentencing section. *See, e.g.*, § 18-7-302, C.R.S. 2019 (elements of indecent exposure and prior conviction sentence enhancer); *see also* §§ 18-1.3-401, 18-1.3-501, C.R.S. 2019 (presumptive penalties for felonies and misdemeanors, respectively); *Schreiber*, 226 P.3d at 1223 (holding that prior convictions for indecent exposure are a sentence enhancer). That the prior conviction sentence enhancer appears in section 42-4-1301(1)(a) rather than section 42-4-1307(6.5) does not mean the General Assembly intended prior convictions to be an element of the offense.

¶ 21    Finally, relying on *People v. Tafoya*, 2019 CO 13, Quezada-Caro contends that the DUI statute is ambiguous. In *Tafoya*, the Colorado Supreme Court held that a defendant charged with felony DUI was entitled to a preliminary hearing under the plain language of section 16-5-301(1)(b)(II), C.R.S. 2019, and Crim. P. 7(h). *Tafoya,*

9

¶ 16. The court stated, "section 42-4-1301(1)(a) and its related penalty provisions alternately accord the prior convictions qualities of both elements of an offense and sentence enhancers." *Id.* at ¶ 27. The court also acknowledged that section 42-4-1301(1)(a) raises "difficult questions" regarding "whether a repeat DUI offender's prior convictions are elements of a felony DUI that must be proved at trial." *Id.* at ¶ 28 n.2.

¶ 22    But the court was clear to "express no opinion" on this question, instead encouraging the legislature to address it. *Id.*[1] Ultimately, the court concluded, "*regardless of whether [the*

---

[1] The supreme court recently granted certiorari on the following question:

> Whether the court of appeals erred in concluding that the portion of section 42-4-1301, C.R.S. (2018), that elevates a misdemeanor to a class four felony for driving under the influence . . . after three or more prior convictions for certain enumerated offenses establishes a sentence enhancer and not an element of the offense for purposes of determining whether jury findings are required.

*Linnebur v. People,* No. 18SC884, 2019 WL 3934483, at *1 (Colo. Aug. 19, 2019) (unpublished order); *see People v. Linnebur,* (Colo. App. No. 16CA2133, Nov. 8, 2018) (not published pursuant to C.A.R. 35(e)).

*defendant's] prior convictions could be deemed sentence enhancers*, the prosecution 'accused' [the defendant] of committing a class four felony DUI" and she was entitled to a preliminary hearing. *Id.* at ¶ 27 (emphasis added).

¶ 23    The dicta in *Tafoya* does not change our analysis here, which is based on the plain language of the statute. The court's statements are not binding on us, nor do they require a finding that the DUI statutes are ambiguous. *See Main Elec., Ltd. v. Printz Servs. Corp.*, 980 P.2d 522, 526 n.2 (Colo. 1999) (stating dictum is not controlling precedent). In reaching its conclusion, the court did not decide whether prior convictions were an element or a sentence enhancer under the DUI statute and did not address the division's holding in *Gwinn.* Rather, the court's limited holding turned on the fact that the defendant was entitled to additional procedural protections because she had been *charged* with a class 4 felony.

¶ 24    Based on the plain language of the statute, we conclude that prior DUI convictions are a sentence enhancer rather than an element of felony DUI.[2]

### 2. Prior Convictions are *Blakely*-Exempt Facts Appropriately Decided by a Judge

¶ 25    Quezada-Caro next contends that, even if prior convictions are a sentence enhancer, we should still require that they be proved to a jury beyond a reasonable doubt because (1) the prior conviction exception is unsound and should be rejected by this court and (2) they transform a misdemeanor into a felony.

¶ 26    "Generally, any fact, *other than the fact of a prior conviction,* that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury and proved beyond a reasonable doubt."  *Gwinn,* ¶ 45 (emphasis added); *see Blakely v. Washington,* 542 U.S. 296, 303 (2004); *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000); *Lopez,* 113 P.3d at 723.  In other words, proof of prior convictions are "*Blakely*-exempt" facts that sentencing

---

[2] Because our conclusion rests on the unambiguous language of the statute, we need not consider Quezada-Caro's legislative history or lenity arguments.  *See Candelaria v. People,* 2013 CO 47, ¶ 12 (stating rule that when the statutory language is clear, appellate courts do not resort to other rules of statutory construction).

judges consider without further jury involvement. *Lopez*, 113 P.3d at 723; *see also Becker*, ¶ 9 ("When a prior conviction serves as a sentence enhancer rather than as an element of a substantive crime, the court — not the jury — decides the prior conviction question."); *Schreiber*, 226 P.3d at 1223 ("[T]he court decides this sentence enhancer because . . . a defendant 'has no constitutional right to a jury trial to determine whether he has a prior conviction.'" (quoting *People v. French*, 165 P.3d 836, 841 (Colo. App. 2007))). And while "there is some doubt about the continued vitality of the prior conviction exception," *Lopez*, 113 P.3d at 723, it remains valid. *See Misenhelter v. People*, 234 P.3d 657, 660 (Colo. 2010) ("[T]he [Supreme] Court has now firmly established that the fact of a prior conviction is specifically exempted and need not be proven to a jury beyond a reasonable doubt."); *People v. Huber*, 139 P.3d 628, 631 (Colo. 2006) (declining to readdress the validity of the prior conviction exception absent new legal developments).

¶ 27 Even so, Quezada-Caro contends that the prior conviction exception should not apply where, as here, proof of prior convictions transforms a misdemeanor into a felony because (1) felonies carry significantly greater collateral consequences and (2)

13

misdemeanors are not subject to the same procedural protections that attach to felonies.

¶ 28     We recognize "that the consequences of transforming a misdemeanor offense into a felony offense involve more than simply increasing the punishment and that critical constitutional and statutory protections attend felony charges." *Gwinn*, ¶ 52; *see also Schreiber*, 226 P.3d at 1225 (Bernard, J., concurring in part and dissenting in part) (acknowledging "there are substantial differences between misdemeanors and felonies beyond the prospect of a longer sentence in a county jail if one is convicted of a felony"). However, we are aware of no authority holding that the severity of collateral consequences affects whether prior convictions are *Blakely*-exempt facts. *See, e.g., Gwinn*, ¶¶ 51-54; *Schreiber*, 226 P.3d at 1223 (stating that other state courts that have addressed the collateral consequences argument still treat prior convictions as *Blakely*-exempt facts (citing *State v. Palmer*, 189 P.3d 69, 76 (Utah Ct. App. 2008) (collecting cases))).[3]  Rather, prior convictions are *Blakely-*

---

[3] Quezada-Caro cites *United States v. Rodriguez-Gonzales*, 358 F.3d 1156, 1160 (9th Cir. 2004), for the proposition that the prior conviction exception should not apply when the prior conviction

exempt facts because they have already been determined by a jury beyond a reasonable doubt or admitted by a defendant in a knowing and voluntary plea agreement. *Lopez*, 113 P.3d at 730.

¶ 29 And, that Quezada-Caro's prior convictions were misdemeanors does not preclude applicability of the prior conviction exception. Quezada-Caro does not contend that his prior misdemeanor proceedings were constitutionally flawed. Accordingly, Quezada-Caro's Sixth Amendment rights were protected because his prior convictions were established through adequate procedures. *See id.* A sentencing judge "no more has to find additional facts when the defendant's prior conviction is for a misdemeanor than when it is for a felony." *Huber*, 139 P.3d at 632 (finding a judge could enhance the defendant's sentence based on previous misdemeanors if the prior convictions arose from procedures that satisfy the Sixth and Fourteenth Amendments).

---

transforms a misdemeanor into a felony. However, that case is readily distinguishable because the Ninth Circuit had previously determined that prior convictions were an *element* of the offense at issue in that case. *Id.* In contrast, we have determined that prior convictions are not an element of felony DUI.

¶ 30    Likewise, Colorado's felony DUI statute provides a defendant adequate constitutional and procedural protection. Section 42-4-1301 requires the prosecution to set forth a felony DUI charge and identify the previous impaired-driving convictions in an "indictment or information." *Gwinn,* ¶ 53. And the felony DUI prosecution occurs in district court where heightened protections exist. *Id.* Here, the record demonstrates that Quezada-Caro received felony protections before his felony DUI conviction.[4]

¶ 31    We conclude that the district court properly decided Quezada-Caro's prior convictions as *Blakely*-exempt facts rather than requiring that they be submitted to the jury as a substantive element of the offense.

3.    The Felony DUI Statute Does Not Violate Quezada-Caro's Right to Equal Protection

¶ 32    Finally, for the first time on appeal, Quezada-Caro contends that, if prior convictions are considered a sentence enhancer, section 42-4-1301(1)(a) violates his right to equal protection

---

[4] Quezada-Caro argues that, under the Colorado Constitution, he had a right to be tried to a jury of twelve before being convicted of a felony. Because he was, in fact, tried to a jury of twelve, we reject this argument.

because it proscribes the same conduct as section 42-4-1307(6) but expones him to substantially greater penalties.[5]  Because the statutes proscribe different conduct, for which the legislature may impose different penalties, we reject Quezada-Caro's equal protection argument.

¶ 33    The constitutionality of a statute is a question of law that we review de novo.  *Dean v. People*, 2016 CO 14, ¶ 8.  A statute is presumed to be constitutional, and the challenging party bears the burden of proving its unconstitutionality beyond a reasonable doubt.  *Id.*

---

[5] The prosecution argues that we should decline to address this unpreserved constitutional challenge.  Quezada-Caro contends that he is not challenging the constitutionality of the felony DUI statute, but instead arguing that we should apply the doctrine of constitutional avoidance in interpreting the statutory language.  Because we have concluded the statute is unambiguous, we need not resort to rules of construction such as constitutional avoidance.  *People in Interest of T.B.,* 2019 CO 53, ¶ 34.  Still, in the interests of judicial economy and efficiency, we exercise our discretion to evaluate whether the plain language of the felony DUI statute violates Quezada-Caro's right to equal protection.  *See People v. Houser*, 2013 COA 11, ¶ 35 (concluding that an appellate court may, as a matter of discretion, take up an unpreserved constitutional challenge when doing so would further judicial economy).

¶ 34     "Equal protection of the laws is guaranteed by the fourteenth amendment of the United States Constitution and by the due process clause in article II, section 25, of the Colorado Constitution." *People v. Alexander*, 797 P.2d 1250, 1255 (Colo. 1990) (quoting *People v. Rickstrew*, 775 P.2d 570, 574 (Colo. 1989)). Under the Colorado Constitution, "equal protection of the laws requires that statutory classifications of crimes be based on differences that are real in fact and reasonably related to the general purposes of criminal legislation." *People v. Marcy*, 628 P.2d 69, 74 (Colo. 1981). Thus, equal protection is not violated if the legislative classification is not arbitrary or unreasonable, and the differences in the statutes bear a reasonable relationship to the public policy to be achieved. *Dean*, ¶ 16. But, equal protection is violated where two criminal statutes proscribe identical conduct, yet one punishes that conduct more harshly. *Id.* at ¶ 14.

¶ 35     Quezada-Caro contends that, for a fourth or subsequent impaired-driving offense, a defendant could be charged with either a felony or a misdemeanor and both offenses would require only that (1) a jury find the defendant drove under the influence of alcohol and (2) the court find three or more prior convictions. In other

18

words, for identical conduct, a defendant could be charged with either a felony or a misdemeanor based solely on the prosecution's charging decision. And, because felony DUI carries harsher penalties, such disparate treatment of persons engaging in the same conduct violates their right to equal protection. We disagree.

¶ 36 Section 42-4-1307(6) is the penalty provision generally applicable when a defendant is found guilty of a third or subsequent impaired-driving offense. Before 2015, the statute applied to any person who was "convicted of DUI, DUI per se, or DWAI who, at the time of sentencing, [also] has two or more prior convictions" for one or any combination of seven specific offenses: (1) DUI; (2) DUI per se; (3) DWAI; (4) vehicular homicide; (5) vehicular assault; (6) aggravated driving with a revoked license; or (7) driving while the person's driver's license was under restraint. § 42-4-1307(6), C.R.S. 2014.

¶ 37 In 2015, the General Assembly amended the DUI statute to, among other things, increase penalties for certain repeat DUI offenders. *See* Ch. 262, sec. 1, § 42-4-1301, 2015 Colo. Sess. Laws 990-91. Under the new provision, a defendant found guilty of DUI commits a class 4 felony, rather than a misdemeanor,

19

if the violation occurred after three or more prior convictions, arising out of separate and distinct criminal episodes, for DUI, DUI per se, or DWAI; vehicular homicide, as described in section 18-3-106(1)(b), C.R.S.; vehicular assault, as described in section 18-3-205(1)(b), C.R.S.; or any combination thereof.

§ 42-4-1301(1)(a); *see also* § 42-4-1301(1)(b) (DWAI); § 42-4-1301(2)(a) (DUI per se). Notably, this provision does not include aggravated driving with a revoked license or driving while under restraint in the types of prior convictions that give rise to felony DUI. *Compare* § 42-4-1301(1)(a), *with* § 42-4-1307(6). Also, the three or more prior convictions on which a felony-level offense can be based must "aris[e] out of separate and distinct criminal episodes." § 42-4-1301(1)(a), (1)(b), (2)(a).

¶ 38 At the same time, the General Assembly amended section 42-4-1307(6), limiting its application to third or subsequent impaired-driving offenses, "[e]xcept as provided in section 42-4-1301(1)(a), (1)(b), and (2)(a) . . . ." *See* Ch. 262, sec. 2, § 42-4-1307(6), 2015 Colo. Sess. Laws 993.

¶ 39 Thus, for a defendant's fourth offense, a DUI conviction becomes a class 4 felony subject to the penalties described in sections 18-1.3-401 and 42-4-1307(6.5), rather than a

misdemeanor subject to the penalties described in section 42-4-1307(6), when the defendant has three prior convictions for DUI, DUI per se, DWAI, vehicular homicide, or vehicular assault. In contrast, for a defendant's fourth offense, a DUI conviction remains a misdemeanor if (1) the defendant has *up to two* prior convictions for DUI, DUI per se, DWAI, vehicular homicide, or vehicular assault; *and* (2) one or more convictions for aggravated driving with a revoked license or driving under restraint, for a total of three prior convictions. This is because a felony DUI charge cannot be based on prior convictions for the latter two offenses. *Compare* § 42-4-1301(1)(a), (1)(b), (2)(a), *with* § 42-4-1307(6).

¶ 40     Thus, once a defendant collects three or more convictions for DUI, DUI per se, DWAI, vehicular homicide, or vehicular assault, section 42-4-1307(6) no longer provides the penalties for subsequent impaired-driving offenses; instead, sections 18-1.3-401 and 42-4-1307(6.5) apply. Because different conduct gives rise to different penalties, we conclude that the DUI statutes do not violate Quezada-Caro's right to equal protection.

¶ 41     Furthermore, the distinction between the conduct falling under the misdemeanor and felony DUI provisions is not arbitrary

and the differences in the provisions bear a reasonable relationship to the public policy to be achieved. It is well settled that "the General Assembly has the prerogative to establish the penalties for criminal offenses and is entitled to establish more severe penalties for acts it believes have greater social impact and graver consequences." *Dean*, ¶ 16. Here, the DUI statutes target repeat offenders and impose punishments that increase with the number and severity of the prior offenses. It is reasonable for the General Assembly to find that defendants with three or more prior DUI offenses pose a greater societal risk and should be charged with a felony offense. It is likewise reasonable for the General Assembly to differentiate between the risks associated with the prior convictions giving rise to a DUI felony offense and those giving rise to a misdemeanor.

¶ 42 Therefore, we conclude that Quezada-Caro's equal protection rights were not violated when the district court treated his prior DUI convictions as a sentence enhancer rather than an element of the offense.

## B. Jury Instructions

¶ 43    Quezada-Caro contends that the district court erred when it failed to construe the instruction he tendered on the definition of "drove" as a theory of defense instruction.[6]  We reject this contention.

¶ 44    A defendant is entitled to a jury instruction encompassing his theory of the case provided evidence in the record supports the instruction.  *People v. Bruno*, 2014 COA 158, ¶ 18.  We review de novo whether the defendant has met this burden.  *People v. Green*, 2012 COA 68M, ¶ 14.

¶ 45    A theory of defense instruction is general and brief, and must explain the evidence and its legal effect.  *Bruno*, ¶ 19.  A trial court may refuse to give an instruction that is "argumentative, contains errors of law, merely reiterates portions of the evidence, or is encompassed within the other instructions."  *Id.* (quoting *People v. Lee*, 30 P.3d 686, 689 (Colo. App. 2000)).  But a trial court has an

---

[6] The parties disagree as to whether this error was preserved because Quezada-Caro did not tender a theory of defense instruction or ask the district court to help craft a theory of defense instruction based on the definition of "drove."  Because we perceive no error, we need not resolve this dispute.

obligation to cooperate with counsel to either correct a tendered theory of defense instruction or incorporate the substance of such instruction into an instruction drafted by the court. *Id.*

¶ 46　At trial, the prosecution and Quezada-Caro tendered proposed instructions defining "drove" under the DUI statute. *See* § 42-4-1301. Both proposed instructions listed factors for the jury to consider when deciding whether Quezada-Caro had been driving a motor vehicle the night of his arrest. The prosecution objected to Quezada-Caro's tendered instruction.

¶ 47　At the close of evidence, the district court used the prosecution's proposed definition of "drove," stating that "it's a correct statement of the law." The court reasoned that the prosecution's instruction "gives more of a generic description of what it constitutes to drive," while Quezada-Caro's instruction "is basically their argument in the case." The court concluded that it did not "want to include as an instruction on the law a Defense argument."

¶ 48　Defense counsel did not argue that the definitional instruction should be used as a theory of defense instruction or propose an additional instruction reflecting his theory of the case. Nonetheless,

relying on *People v. Nunez*, 841 P.2d 261 (Colo. 1992), Quezada-Caro argues the district court erred by failing to recognize the definitional instruction as a theory of defense instruction and by not working with counsel to modify it and present it to the jury.

¶ 49 In *Nunez*, the trial court refused to give the defendant's tendered alibi defense instruction, which improperly suggested that alibi was an affirmative defense. *Id.* at 263. The Colorado Supreme Court concluded the trial court properly denied the instruction as inconsistent with Colorado law. *Id.* at 264. Nevertheless, the court held that the trial court erred by failing to correct the defendant's tendered instruction or incorporate the substance of the instruction into one drafted by the court. *Id.* at 266.

¶ 50 But Quezada-Caro's reliance on *Nunez* is misplaced. *Nunez* does not stand for the proposition that a trial court has an affirmative obligation to transform *any* tendered instruction into a theory of defense instruction. Rather, a court's obligation is limited to either correcting a tendered *theory of defense* instruction or incorporating the substance of a tendered *theory of defense* instruction into the other jury instructions. *Id.*; *Bruno,* ¶ 19.

25

¶ 51    Here, unlike the alibi instruction in *Nunez*, Quezada-Caro's tendered instruction did not set forth a theory of defense; it explained a term used in an elemental instruction.  Because Quezada-Caro did not submit an instruction that set forth a theory of defense, the district court was not required to draft one on counsel's behalf.  We perceive no error.

### III.   Conclusion

¶ 52    The judgment is affirmed.

JUDGE DAILEY and JUDGE RICHMAN concur.